5. The appellant urges in his brief that one could appropriate cash money by writing a check. However cash money is the equivalent of a check. See Black's Law Dictionary (5th Ed.)

ONION, Presiding Judge, dissenting.

This case is a good example of why *Adams v. State*, 707 S.W.2d 900 (Tex.Cr.App. 1986), is not good law. I would reverse the judgments of the Court of Appeals and trial court. The motion to quash should have been granted.

James **TANNER** alias Joe Frank
Ocker, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 676–85.

Court of Criminal Appeals of Texas,
En Banc.

June 25, 1986.

Tom Brown, Livingston, for appellant.

Peter C. Speers, III, Dist. Atty. and David K. Walker, Asst. Dist. Atty., Conroe, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for sexual abuse. Punishment, enhanced by a prior conviction, was assessed by the court at thirty-five years after the jury had returned a verdict of guilty.

The Ninth Court of Appeals (Beaumont) affirmed the conviction (*Tanner v. State*, 690 S.W.2d 96). We granted appellant's petition for discretionary review to consider the following contentions: (1) "The Court of Appeals incorrectly ruled that Appellant had not invoked his right to counsel prior to making a written statement" and (2) "The Court of Appeals incorrectly ruled that, assuming appellant had invoked his right to counsel, Appellant had knowingly and intelligently waived such right prior to making a written statement."

At the hearing on the motion to suppress the following facts were developed. Deputy Kenneth Hammond of the San Jacinto County Sheriff's Office, after viewing photographs depicting sexual abuse of a young child, went to appellant's home. Appellant was not there but in response to a call from his wife appellant arrived at the house some forty-five minutes later. After stating the nature of the investigation, Deputy Hammond read appellant "the rights that are included in the voluntary statement form." Appellant verbally admitted involvement and appellant and his wife were asked to go to the Sheriff's office to make a statement. Appellant asked to place a call to his lawyer at his house. Hammond's testimony reflects that appellant "attempted to make one or maybe two telephone calls [to his lawyer]." Appellant was allowed to drive his vehicle to the Sheriff's office with the "welfare case worker and the officer that was with her [who had accompanied Deputy Hammond to appellant's home]" leading in the first car, appellant and his wife were in the next car and they were followed by Hammond in his car. Upon arrival at the Sheriff's office, appellant was taken before Justice of the Peace Ellison who read appellant his rights. A written confession was then made by appellant in the Sheriff's office. In response to questions on direct examination as to when this "interrogation or statement" began and when did it end, Hammond replied that it began at 1:30 p.m. and ended at 1:50 p.m.

■ The facts belie the State's presentation before us in oral argument that the interrogation was not custodial. Preceding the taking of the statement appellant had been advised of the nature of the investigation, had been read his rights by Officer Hammond, had admitted involvement, was asked to go to the Sheriff's office, was again given his rights by the Justice of the

Peace and returned to the Sheriff's office where the statement was made. Clearly the investigation had focused on the appellant. *Newberry v. State,* 552 S.W.2d 457 (Tex.Cr.App.1977), *Ancira v. State,* 516 S.W.2d 924 (Tex.Cr.App.1974). Appellant having admitted involvement in the offense, probable cause for arrest undoubtedly existed. *Ruth v. State,* 645 S.W.2d 432 (Tex.Cr.App.1979). The officers must have considered appellant to be in custody, Officer Hammond stating that appellant was "allowed" to call an attorney, and while appellant was allowed to drive his own vehicle to the Sheriff's office, his automobile was sandwiched between police vehicles. By any test appellant must be considered to have been in custody when the statement was taken.[1] *Ruth v. State, supra.*

 The Court of Appeals found that the request of appellant to call an attorney followed by "two" unsuccessful attempts "with no further inquiry, demand, etc," did not amount to the appellant invoking his right to counsel. We do not agree. In *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 694 (1966) the Supreme Court said "If however, [the defendant] indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking there can be no questioning ..." Having expressed his desire to speak with an attorney the appellant was not subject to further questioning, unless he "initiates further communication, exchanges or conversations with the police." *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); *Porier v. State,* 662 S.W.2d 602 (Tex.Cr. App.1984). We find that appellant invoked his right to counsel.

The Court of Appeals further found that if appellant invoked his right to counsel, "his action of voluntarily driving to the sheriff's office amounted to an initiation of conversation." Under the circumstances heretofore related it is difficult for us to envision that appellant's expression of willingness to go to the Sheriff's office was free from compulsion. Appellant having invoked his right to counsel, any statement taken thereafter must be presumed to be a product of compulsion, subtle or otherwise. *Green v. State,* 667 S.W.2d 528 (Tex.Cr. App.1984). Following invocation of right to counsel, the State was under a heavy burden to show that appellant waived his right to counsel. *Green v. State, supra.* We find that the State has not met its burden of showing that appellant initiated "further communications, exchanges or conversations with the police" so as to waive his right to counsel.

The judgment of the Court of Appeals is reversed and the cause is remanded to the trial court.

---

1. The State in its argument before this Court urged that our recent opinion in *Russell v. State* (No. 705–84—5–27–86) supports its position that appellant was not in custody. In *Russell* the defendant, unlike appellant herein, had denied involvement, voluntarily went to the police office, became hysterical and ran into the street, and according to the officer was pursued and returned to the station for defendant's safety.