Johnny WELLS, Appellant,

v.

STATE of Texas, Appellee.

No. 13-85-579-CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 29, 1986.

Hector De Pena, Jr., Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

Appellant Johnny Wells was convicted of possessing less than twenty-eight grams of lysergic acid diethylamide (LSD), a controlled substance. After a jury trial, the court set punishment at four years in the Texas Department of Corrections.

Appellant first contends that the trial court erred in overruling his motion to suppress the controlled substance.

Police officers responded to a call from the Sail Club in Port Aransas concerning an individual who was causing a disturbance and refusing to leave. Officer Tanner testified at the hearing on appellant's motion to suppress as follows. He and several other officers answered the call and talked to an employee of the tavern, who identified the appellant as the person who had created the disturbance and refused to leave. Officer Tanner and another officer asked the appellant several times to come outside with them. Appellant appeared to either ignore them or just be inattentive. He appeared to be intoxicated. Officer Tanner then said, "We need to have you come outside and speak with you. Make it easy on yourself and come cooperatively." Officer Tanner stated that he would not have allowed the appellant to leave or do anything other than come outside and talk to them.

Continuing his testimony, Officer Tanner stated that appellant got up and walked toward the door, escorted by several police officers. Officer Tanner observed appellant's left fist clinched, as if holding something heavy and as if he was preparing to

throw a punch. Appellant also glanced over his shoulder several times, as if placing the officers' locations in his mind. Officer Tanner took appellant by his left arm as they continued walking. Appellant immediately put his other hand into his right front pants pocket. Officer Tanner believed appellant might have had a weapon in the pocket, so he shouted a warning to the other officers and grabbed the appellant by his other arm, pulling the hand out of the pocket and up in the air. He saw that appellant held a small plastic bag containing a sheet of white, heavy paper with little blue dots or stars on it. Appellant dropped the bag, and Officer Tanner wrestled appellant, who was struggling violently, to the ground. Another officer picked up the bag, which turned out to contain LSD.

At a suppression hearing, the trial court is the sole judge of the witness' credibility. He may choose to believe or disbelieve the testimony of any witness. *Walker v. State*, 588 S.W.2d 920, 924 (Tex.Crim.App. 1979); *Lopez v. State*, 660 S.W.2d 592, 594–95 (Tex.App.—Corpus Christi 1983, pet. ref'd). The trial judge's ruling on a motion to suppress will not be disturbed if it has support in the evidence. *Green v. State*, 615 S.W.2d 700, 707 (Tex.Crim.App.1980); *Alaniz v. State*, 647 S.W.2d 310, 314 (Tex. App.—Corpus Christi 1982, pet. ref'd).

■ Appellant contends that he was subjected to an illegal, warrantless arrest at the time he was approached and asked to step outside. We disagree that appellant was under arrest. We do find, however, that appellant had been "seized" within the meaning of the fourth amendment of the United States Constitution since, according to the testimony of Officer Tanner, he was not free to leave. *See Florida v. Royer*, 460 U.S. 491, 498, 103 S.Ct. 1319, 1324, 75 L.Ed.2d 229 (1983); *United States v. Mendenhall*, 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980); *Gregg v. State*, 667 S.W.2d 125, 127 (Tex.Crim.App. 1984). However, the safeguards of neither the fourth amendment nor TEX. CONST. art. I, § 9 (Vernon 1984) were offended in

this case. A police officer is justified in temporarily detaining a person for investigative purposes, even in circumstances which do not amount to probable cause. *Adams v. Williams*, 407 U.S. 143, 145–46, 92 S.Ct. 1921, 1922–23, 32 L.Ed.2d 612 (1972); *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Ramirez v. State*, 672 S.W.2d 480, 481–82 (Tex.Crim. App.1984). At the time Officer Tanner approached appellant, he was responding to a complaint that appellant had committed a breach of the peace, and that appellant was trespassing at the tavern, because of his refusal to leave when requested. At the time Officer Tanner approached appellant, the manager had already pointed out appellant as the person who had created the disturbance and then refused to leave. Officer Tanner was thus justified in asking appellant to leave the tavern to talk with him. *See Adams v. Williams*, 407 U.S. at 147, 92 S.Ct. at 1923; *Ramirez*, 672 S.W.2d at 481.

■ Officer Tanner was also justified in grabbing appellant's arm. Once he had legally detained appellant, he was justified in protecting himself and others in the crowded tavern from what he reasonably suspected might have been a weapon. *See Terry*, 392 U.S. at 25–26, 88 S.Ct. at 1882; *Wood v. State*, 515 S.W.2d 300, 306 (Tex. Crim.App.1974); *Williams v. State*, 629 S.W.2d 146, 147–48 (Tex.App.—Dallas 1982, no pet.).

■ Appellant next contends that the trial court erred in admitting the controlled substance into evidence, arguing that the State failed to properly prove chain of custody. Officer Donbrowski of the Port Aransas Police Department testified that he picked up the package of LSD, in the form of white paper divided into squares with blue stars in the squares, which appellant dropped on March 15, 1985. He then turned the package over to Officer Burleson, who gave it to Officer Miller, the evidence technician. Officer Miller placed the package in the property room. Officer Perkins tested the contents of the package on the same evening at the Port Aransas

Police Department. Officer Donbrowski took the package to the Department of Public Safety laboratory for analysis on April 4, 1985.

James Waller, supervisor of the Department of Public Safety laboratory in Corpus Christi, testified that he received an envelope from Officer Donbrowski containing the package with the blue stars inside, and the package bore the offense number 8503118, which was the number used for filing at the Port Aransas Police Department. He tested the substance on the blue stars and found them to contain LSD. After placing his laboratory's file number and his initials on the package, he mailed it back to the Port Aransas Police Department.

Officer Perkins, the evidence custodian for the Port Aransas Police Department, testified that, on March 15, 1985, he removed the package from the police property room, where Officer Miller had placed it. He field tested the contents of the package and found that the blue stars in the package appeared to contain LSD. Officer Perkins also testified that this was the only evidence of its type received in Port Aransas since January. As custodian of the property records, he also testified that the property receipt for the package containing LSD, with the offense number 8503118, was accurate. The property receipt, admitted into evidence as a business record, corroborated the above-stated testimony as to chain of custody.

We hold that this evidence clearly establishes the chain of custody. *See Hicks v. State*, 545 S.W.2d 805, 809 (Tex.Crim.App. 1977). No gaps in the chain appear. Nor is there evidence that the package seized from appellant was tampered with. *See Jones v. State*, 617 S.W.2d 704, 705 (Tex. Crim.App.1981); *Salinas v. State*, 507 S.W.2d 730, 731 (Tex.Crim.App.1974).

Lastly, we address appellant's contention that the jury charge erroneously omitted his requested instruction concerning the legality of appellant's arrest and the seizure of the LSD. TEX.CODE CRIM.PROC. ANN. art. 38.23 (Vernon 1979) requires the

court to instruct the jury not to consider illegally obtained evidence whenever an issue of fact is raised. *Murphy v. State*, 640 S.W.2d 297, 299 (Tex.Crim.App.1982); *Jordan v. State*, 562 S.W.2d 472, 474 (Tex. Crim.App.1978). The requested instruction reads as follows:

You are instructed that under our law no evidence obtained by an officer or other person as a result of an unlawful arrest and search of accused shall be admissible in evidence against such accused. If the defendant in this case was not, under the circumstances then and there existing, commiting [sic] a breach of the peace, commiting [sic] any crime, immediately preceding his arrest by the officers involved, then such detention or stopping of the accused and his arrest and subsequent seizure of a controlled substance allegedly in possession of defendant would be illegal, and if you find the facts so to be, or if you have a reasonable doubt thereof, then you will wholly disregard the controlled substance seized by the officers, if it was, and introduced in evidence in this case, and you will acquit the defendant and say by your verdict not guilty.

A person is arrested when he has been actually placed under restraint or taken into custody by an officer or person executing a warrant of arrest or by an officer or person arresting without a warrant.

We have already determined that appellant was not under arrest at the time the LSD was discovered. Appellant took the stand in his defense, but he did not contend he was under arrest at the time the LSD was discovered. He testified, instead, that it was picked up from the floor, and then the officers came over and arrested him. For this reason, the requested instruction was clearly incorrect. *See Stone v. State*, 703 S.W.2d 652, 655 (Tex.Crim.App.1986). However, the requested instruction must only be sufficient to apprise the trial court of the omission from the charge of an article 38.23 instruction. *Id.; see* TEX.

CODE CRIM.PROC.ANN. art. 36.15 (Vernon Supp.1986).

■ Even assuming that the requested charge properly called the court's attention to the omission, no error occurred in refusing to instruct the jury. Officer Tanner testified at trial that he and other officers responded to a call that a person was refusing to leave the Sail Club. The tavern employee who met him at the door had asked the police officers to eject the appellant, because appellant had been disruptive and combative. This testimony was uncontradicted. Although appellant testified that no one had ever asked him to leave, this did not create an issue of fact as to the right of the police officers to order appellant to leave the tavern. Nothing in appellant's testimony put in dispute the officers' reasonable suspicion, based on the complaint they received, that appellant was unlawfully remaining on the premises. Appellant's requested instruction was properly refused. *See Stone,* 703 S.W.2d at 655.

The judgment of the trial court is AFFIRMED.