James Douglas ROE, Appellant,

v.

The STATE of Texas, Appellee.

No. 13-87-122-CR.

Court of Appeals of Texas, Corpus Christi.

Oct. 29, 1987.

Nate Rhodes, Corpus Christi, for appellant.

Wiley L. Cheatham, Cuero, for appellee.

Before BENAVIDES, UTTER and KENNEDY, JJ.

## OPINION

BENAVIDES, Justice.

Appellant plead guilty to the offense of unlawful possession of cocaine in an amount of less than 28 grams, a second degree felony, and was sentenced to ten years probation.

Appellant's only contention on appeal is that the trial court erred in denying his pre-trial motion to suppress the cocaine recovered in a warrantless search of his person. Appellant asserts that the initial meeting between the police officer and the appellant was a "stop" or a temporary investigative detention requiring fourth amendment protection. Appellant argues that the initial stop was unjustified and, therefore, in violation of the fourth amendment to the United States Constitution and Article I, Section 9 of the Texas Constitution. We disagree and affirm the trial court's judgment.

We note initially that at a suppression hearing, the trial court is the sole judge of the witness' credibility. He may

choose to believe or disbelieve the testimony of any witness. *Walker v. State,* 588 S.W.2d 920, 924 (Tex.Crim.App.1980); *Wells v. State,* 716 S.W.2d 715, 717 (Tex. App.—Corpus Christi 1986, no pet.)

The evidence at the suppression hearing reveals that Deputy Sheriff Juan Hernandez, Jr. and Constable Nelson Gillespie went on patrol in the constable's unmarked car at approximately 10 p.m. on the night of September 13, 1986. The deputy had earlier received information from an informant that there would be a party that night and that drugs would be used at the party. Constable Gillespie testified that after making rounds in the general area, they parked northeast of the party on Mission River Road. While parked, the two officers saw a van similar to the appellant's leave the party. Shortly thereafter, the officers decided to leave the area and proceeded to drive back to town. It was at this point, about 11:00 p.m., that the officers saw the appellant's white van pull up to and park in front of an entrance gate to a local business, Green's Pipe and Supply. The officers drove past the van but turned around when they noticed the van's headlights had been turned off. Deputy Hernandez testified that he knew the area well and was aware that Green's Pipe and Supply was not open at that time of the night. In addition, the area had been burglarized in the past and was a "suspicioned" (sic) area. Deputy Hernandez and Constable Gillespie got out of the unmarked car to "check it out." Hernandez walked up to the driver's side of the vehicle, identified himself, and asked appellant for his driver's license. Gillespie went to the passenger side of the vehicle and according to his testimony, he simply "stayed back" and observed the encounter between Hernandez and appellant. The deputy began speaking with the appellant, and it became evident appellant had been drinking. According to Hernandez, the appellant told the officer that he had attended a party and had quite a few beers. As Hernandez spoke with the appellant, he noted that the appellant's eyes were bloodshot, his speech was slurred, and he had an odor of alcoholic beverage on his breath. The deputy asked the appellant to step out of his vehicle. Consequently, it became apparent to Deputy Hernandez that the appellant was intoxicated "to the degree that he would be a danger to himself or another." Deputy Hernandez then placed the appellant under arrest for public intoxication. Pursuant to the arrest, the deputy conducted a search of the appellant and found a white powdery substance, later proved to be cocaine, in his left front pocket.

■ It is well established that consistent with the fourth amendment, a police officer may temporarily detain a suspicious individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). In order to justify a temporary detention, the officer must have specific articulable facts which, in light of his experience and personal knowledge, together with other inferences from those facts, would reasonably warrant the intrusion on the freedom of the citizen detained for further investigation. *Williams v. State,* 621 S.W.2d 609 (Tex.Crim.App.1981). There must be a reasonable suspicion by the police officer that some activity out of the ordinary is occurring or has occurred, some suggestion to connect the detained person with the unusual activity, and some indication that the activity is related to a crime. *Daniels v. State,* 718 S.W.2d 702 (Tex. Crim.App.1986); *Gearing v. State,* 685 S.W.2d 326 (Tex.Crim.App.1985); *Johnson v. State,* 658 S.W.2d 623 (Tex.Crim.App. 1983).

■ The fourth amendment, however, does not afford protection to all encounters between the police and citizens. *Terry v. Ohio,* 392 U.S. at 32–33, 88 S.Ct. at 1885–86. Police officers do not violate the fourth amendment by merely approaching a person in a public place, or one sitting in a vehicle located in a public place, and asking him some questions. *Florida v. Royer,* 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); *Gearing v. State,* 685

S.W.2d 326 (Tex.Crim.App.1985); *Isam v. State,* 582 S.W.2d 441 (Tex.Crim.App.1979).

Only when the encounter is converted into a seizure or a detention does the fourth amendment require some level of objective justification. *United States v. Mendenhall,* 446 U.S. 544, 555, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980). The fact that an officer identifies himself as a police officer, without more, does not convert the encounter into a seizure. *United States v. Mendenhall,* 446 U.S. at 555, 100 S.Ct. at 1877. Likewise, asking for and examining a driver's license does not constitute a seizure for fourth amendment purposes. *Florida v. Royer,* 460 U.S. at 501, 103 S.Ct. at 1326. *Gearing v. State,* 685 S.W.2d at 329. An individual is seized whenever a police officer restrains an individual's freedom to walk away. *Terry v. Ohio,* 392 U.S. at 16, 88 S.Ct. at 1877. A person sitting in a parked car is seized for fourth amendment purposes when a police officer orders the individual to roll down the window, open the door, or orders him out of the car. *Johnson v. State,* 658 S.W.2d at 626; *Ebarb v. State,* 598 S.W.2d 842, 850 (Tex.Crim.App.1980).

 This Court must decide when the encounter between the officers and the appellant became a detention for fourth amendment purposes, and whether or not the facts before the trial court justified the deputy's suspicion at the time of such detention. In the present case, the officers permissibly approached the appellant's parked van, asked for and examined appellant's driver's license, and began to speak with him. *See Florida v. Royer,* 460 U.S. at 501, 103 S.Ct. at 1326. At this stage, the deputy had not restrained the appellant or exerted authority in such a manner as to constitute a seizure. *See Johnson v. State,* 658 S.W.2d 623; *Ebarb v. State,* 598 S.W.2d at 850. There was, in fact, no detention for purposes of the fourth amendment, until appellant was ordered to get out of his van by Deputy Hernandez. When the appellant was ordered out of his vehicle, the encounter was converted into at least a temporary investigative detention. *See Johnson v. State,* 658 S.W.2d at 626.

The record reflects that the deputy was justified in ordering the appellant from his car. The deputy was able to conclude from their conversation that the appellant had been drinking alcoholic beverages at a party, that he had quite a few beers, that his eyes were bloodshot, his speech was slurred, and he had an odor of alcoholic beverage on his breath. The deputy, at this point, had a reasonable suspicion that the defendant was intoxicated. Consequently, there was sufficient justification to detain the appellant for further investigation. Once the appellant was out of the van, the deputy, upon further observation, had probable cause to conclude that the appellant was intoxicated in a public place and would be a danger to himself and others. Tex.Penal Code Ann. § 42.08(a) (Vernon 1987). Having lawfully arrested the appellant, the subsequent warrantless search of the appellant was lawful. *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

The judgment of the trial court is AFFIRMED.