Peter Wayne EDWARDS, Appellant,

v.

STATE of Texas, State.

No. 2–89–164–CR.

Court of Appeals of Texas,
Fort Worth.

April 24, 1990.

Fred T. Bennett, Dallas, for appellant.

Jerry Cobb, Crim. Dist. Atty., Sharone McGahee, Gwinda Burns, Asst. Crim. Dist. Attys., for appellee.

Before JOE SPURLOCK, II, HILL and MEYERS, JJ.

OPINION

MEYERS, Justice.

Appellant, Peter Wayne Edwards, was found guilty of the charge of aggravated possession of a controlled substance. He was sentenced by the court to ten years in the Texas Department of Corrections.[1] In two points of error, appellant alleges the trial court erred in: (1) failing to grant appellant's motion to suppress evidence which was obtained in violation of the United States Constitution and article I, section 9 of the Texas Constitution; and (2) overruling appellant's motion to suppress, finding that there was a fact issue concerning the search that should be submitted to a jury. We overrule appellant's points of error.

The judgment of the trial court is affirmed.

On June 8, 1988, around 11:30 a.m., Edwards was driving a red and white Blazer pulling a trailer in Flower Mound, Texas. Edwards had stopped in front of Rob Ludlow's house, a neighbor, when another neighbor, Mike Goo, approached Edwards and informed him that Ludlow had reported to the police that Edwards had burglarized his home. At approximately the same

---

1. Now the Texas Department of Criminal Justice, Institutional Division.

time, Paul Chambers, a Flower Mound Police officer, received a dispatch of a burglary in progress. Upon arriving at the scene, Chambers observed Edwards' vehicle, which matched the description he had been given, and stopped the vehicle.

Chambers asked Edwards to step out of the vehicle, and when Edwards did so Chambers observed what appeared to be a pistol in Edwards' front pocket. Chambers found a pistol after patting down Edwards. Edwards was then placed under arrest for unlawfully carrying a weapon and burglary of a habitation. Goo testified that after the arrest he asked Edwards if Goo could take the truck and trailer for safekeeping. Although Goo also testified that Edwards asked him to take the vehicles, Chambers claimed that Goo never spoke to Edwards. Edwards' vehicle was inventoried at the scene, pursuant to departmental policy, and later impounded.

Chambers explained that departmental policy required that subsequent to a felony arrest where a suspect is removed from a vehicle, the vehicle is impounded and no attempt is made to try and determine whether there is someone present to take custody of the vehicle. Another officer who was called to the scene, Thomas Teague, stated the policy is to record anything taken into custody to ensure the return of the items to the owner and also to protect the department from allegations that any of the items were missing. Upon inventory of the vehicle, an unlocked maroon briefcase with initials P.W.E. was found which contained: personal papers; a clip for a .380 automatic; a set of scales; a passport with Edwards' name on it; and clear plastic bags containing a controlled substance.

■ In his first point of error, appellant argues the trial court erred in failing to suppress the drugs found in the briefcase pursuant to the impound/inventory search when the evidence proved there was another alternative to insure the protection of the vehicle. Specifically, appellant claims the seizure of the items from his briefcase constituted a violation of his constitutional rights under both the United States Constitution and article I, section 9 of the Texas Constitution.

Both parties rely on *Benavides v. State*, 600 S.W.2d 809, 811 (Tex.Crim.App. [Panel Op.] 1980). In *Benavides* the impounded vehicle was locked and legally parked two blocks from the scene of the offense, but the reason for impoundment was "safekeeping" of the vehicle. *Id.* at 810. The Court of Criminal Appeals held that an automobile may be impounded if the driver is removed and placed under custodial arrest and there is no other alternative available other than impoundment to insure the protection of the vehicle. *Id.* at 811.

Edwards alleges, in the present case, that there were two of his neighbors at the scene, who were available and requested permission to take Edwards' vehicle. The record reflects that appellant answered affirmatively when Mike Goo asked appellant if he could take possession of the vehicle and trailer. Goo then requested the officers to allow him to do so. The other neighbor, Bert Morris, testified that he witnessed Goo ask appellant if he wanted Goo to take his vehicle but that he did not hear appellant make any response. Nor did Morris himself ever offer to take the vehicle. Edwards orally argued to this court that if appellant had not responded to Goo's question, then the police should have asked appellant what he wanted. Appellant concludes that because there were other alternatives available to the authorities which would have abrogated the need for impoundment and inventory search of appellant's vehicle, the State did not meet its burden of proving a proper inventory search. It is apparent that there was some confusion at the scene of appellant's arrest as to whether there were actually any other alternatives available which would have negated the impoundment and search of appellant's vehicle. This does not mean, however, that the officers had a duty to find someone to take the vehicle.

We agree with the State's analysis that, in any event, the inventory was valid because there was a warrantless search pursuant to a legal arrest. *Starlling v. State*, 743 S.W.2d 767, 772 (Tex.App.—Fort Worth

**220**

1988, pet. ref'd). The police in the present case were called to a burglary in progress where a red Blazer had been identified leaving the scene. Probable cause existed for an immediate search of the vehicle. *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

Because we are not convinced that other alternatives existed in order to avoid impoundment and inventory of appellant's car, and because the search was pursuant to a valid arrest, appellant's first point of error is overruled.

■ Appellant alleges in his second point of error that the trial court erred when it overruled appellant's motion to suppress and found there was a fact issue concerning the search and that such should be submitted to a jury.

In the pretrial motion to suppress, appellant claims he presented evidence to substantiate that the controlled substance found in appellant's briefcase was found in violation of the state and federal constitutions in that an illegal inventory search was performed. Conflicting evidence was presented as to whether Edwards' neighbors, Goo and Morris, were standing by appellant's alleged parked truck at the time of the incident. Conversely, Officer Chambers testified at the hearing that when he arrived at the scene, Edwards was driving his vehicle away from the scene of the offense. Additionally, Mike Goo testified that appellant gave him oral permission at the scene to take possession of his truck and trailer while Bert Morris testified he did not hear Edwards make any response to Goo's request.

■ We agree with appellant that the trial court is the sole finder of fact in motion to suppress hearings as well as the sole judge of a witness's credibility and may choose to believe or disbelieve the testimony of any witness. *Walker v. State*, 588 S.W.2d 920 (Tex.Crim.App. [Panel Op.] 1979); *Wells v. State*, 716 S.W.2d 715 (Tex.App.—Corpus Christi 1986, no pet). We agree with the State that because of the conflicting evidence presented at the hearing, the trial court correctly ruled that there was a fact question to be presented

to the jury. *See* TEX.CODE CRIM.PROC. ANN. art. 38.23 (Vernon Supp.1990). Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.