Sean McKENNA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–87–399–CR.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1990.

John W. Peterson, Beeville, for appellant.

C.F. Moore, Jr., Dist. Atty., 156th Judicial District of Texas, Beeville, for appellee.

Before NYE, C.J., and BENAVIDES, and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

Pursuant to a plea bargain, the trial court accepted appellant's plea of guilty to sexual assault and sentenced him to ten years in the Texas Department of Corrections. Appellant's five points of error all concern the trial court's refusal to suppress his written confession. Previously, we found that appellant had failed to preserve these points for review because, at the guilty plea proceeding, he had independently stipulated to the facts contained in his confession. *McKenna v. State*, 761 S.W.2d 380, 381–84 (Tex.App.—Corpus Christi 1988). The Court of Criminal Appeals granted discretionary review, overruled the authority we had followed, and remanded the case to us for further consideration. *McKenna v. State*, 780 S.W.2d 797, 800 (Tex.Crim.App.1989).

Appellant, in his pretrial motion to suppress, alleged that his confession resulted from: (1) coercion by law enforcement officers; (2) the violation of his constitutional and statutory right to be taken before a magistrate and warned of his rights; (3) repeated police attempts to question him after he had invoked his right to remain silent; (4) continued questioning after he had requested to speak to an attorney; and (5) promises by the interrogator that he would receive deferred adjudication and a lower bail. We now reverse the judgment of the trial court.

At the motion to suppress hearing, Investigator Edward Hons and his secretary, Mary Jane Hons, testified for the State. Appellant, Donna Powell, and Sherry Miller testified for appellant.

Hons testified that he first contacted appellant on March 6, 1987, around 2:00 p.m. Appellant had been arrested for sexually assaulting a neighbor's child. Before interviewing appellant he warned him of his constitutional rights; appellant was cooperative and never indicated that he wanted to terminate the interview or talk to a lawyer.

Appellant denied committing the offense at first but later confessed. The investigator stated that he made no promises to appellant and did not coerce him.

On cross-examination, Hons testified that he did not know how long appellant had been in custody before the interview. He did not know why appellant was not taken before a magistrate at the time of his arrest. He questioned appellant for about an hour but knew nothing about the conditions under which appellant was kept before the interview.

Donna Powell testified that she visited appellant at the jail on the evening of his arrest. Appellant told her he had confessed so that he could get his bail lowered and get out of jail faster. Appellant also told her that he had tried but had been unable to contact a lawyer.

Appellant, a nineteen-year-old college student, testified that he was arrested outside his trailer-home at 10:20 a.m. while playing basketball with three friends.[1] The arresting officers, Deputies Branecky and Madrigal, took appellant to the Bee County Jail, where he was booked. Upon checking into the facility he told Madrigal that he wanted to see an attorney and that his arrest was a mistake. Madrigal responded that the jail was full of people who had made mistakes. At this time appellant was not sure why he had been arrested; he thought he had been arrested for assaulting Edward Hons, a person he did not know, because the arrest warrant showed that Hons had filed a complaint against him.

After being booked he was then placed into a holding cell. At some point a "large jailer" came to take his fingerprints, and he again told this jailer that he wanted an attorney. Later, Sheriff Horn looked into the cell. Appellant asked Sheriff Horn who Hons was, and Horn told appellant that Hons was the chief investigator.

Appellant further testified that while being held in the cell he was not given food or water and that he was intimidated by the small holding cell.

Around 2:00 p.m., Investigator Ed Hons came to the cell and asked appellant to follow him to his office. Hons told him that a neighbor's child, a six-year-old boy, had accused appellant of performing oral sex on him. When appellant denied doing so, Hons told appellant that he did not believe him. Hons pointed to what appellant believed were papers relating to the investigation and told appellant that he would be better off helping the court because it would be lenient.

Appellant told Hons before the interview that he wanted an attorney, but Hons tried to persuade him not to contact an attorney by saying that the court would prefer, and find more credible, a statement made before an attorney started "to twist and weed out" the facts. Hons also told him that if he confessed, his chances for deferred adjudication or probation and lower bail would be better. At first appellant thought Hons was wasting his time (because he was innocent), but after Hons started pointing to the papers from the investigation, he started to get worried.

At this point, appellant told Hons he wanted to call his attorney. Hons told appellant to go ahead. Appellant then tried to call his attorney from Hons' office but could reach only the secretary. After this unsuccessful attempt, Hons told appellant that it was actually fortunate that he did not get in contact with the attorney because a confession made with an attorney's assistance would not be as believable.

Appellant testified that at this time he was "panicked." He began asking Hons about bail and the punishment range for the offense. Hons suggested that appellant should confess, but that the confession should be worded in such a way that the court would be able to help appellant with his sexual problems. Hons and appellant then developed a story of how appellant began to have sexual urges for boys and ultimately decided to take advantage of an opportunity and experiment with a neighbor's child. Hons told appellant that with such a confession he would be more likely

1. The arrest warrant also showed the time of arrest as 10:20 a.m.

to get psychological help and not have to go to prison.

Appellant ultimately agreed to confess. Hons finally read him his rights. According to appellant, Hons had told him that once he read appellant his rights, he would have to write down everything appellant said. According to appellant, he and Hons then began to construct the confession.

After Hons and appellant worked on the confession, the secretary, Mary Jane Hons, typed it for appellant to sign. Appellant then signed the written confession which contained a waiver of rights and statements indicating that the confession was not the result of promises or coercion.

At the pretrial hearing on the motion to suppress and on cross-examination, appellant admitted that Hons never physically threatened him in any way. Appellant also testified that although he had not been offered lunch or water, there was a faucet in his holding cell.

Sherry Miller, attorney Roger Bellows' secretary, testified that she spoke to appellant on the day of his arrest. She produced a message book showing that appellant telephoned Bellows' office and asked to speak with Bellows at 2:45 p.m.[2] The book showed that the message was, "He is in jail—Beeville—needs to talk to you."

Mary Jane Hons testified that she reduced the handwritten notes to a typewritten confession. She identified appellant's confession as a document that she had typed.

After hearing this evidence, the trial court ruled that the confession was voluntarily and freely made by appellant, without compulsion or persuasion of any kind exercised by any person. The court further found that appellant waived his rights to counsel and waived his right to remain silent.

■■■ Appellant then pleaded guilty to sexual assault pursuant to a plea bargain which allowed him to appeal the trial court's ruling on the admissibility of his confession. In his third and fourth points of error, appellant contends that his confession was produced by coercion and improper inducements made by Officer Hons. The trial judge is the sole judge of the credibility of the witnesses at a hearing on the voluntariness of a confession. *Green v. State*, 682 S.W.2d 271, 293 (Tex.Crim. App.1984). Where the facts are in dispute on the voluntariness and admissibility of a confession, the trial judge, as the trier of the facts, can accept or reject all or any part of the testimony of any witness, including a defendant. *Williams v. State*, 566 S.W.2d 919, 922 (Tex.Crim.App.1978); *see Walker v. State*, 588 S.W.2d 920, 924 (Tex.Crim.App.1980); *Roe v. State*, 738 S.W.2d 378, 379 (Tex.App.—Corpus Christi 1987, pet. ref'd). An appellate court will not disturb such findings if they are supported by the record. *Self v. State*, 709 S.W.2d 662, 665 (Tex.Crim.App.1986); *Alaniz v. State*, 647 S.W.2d 310, 314 (Tex. App.—Corpus Christi 1982, pet. ref'd). In this case, Officer Hons' testimony specifically rebuts all of appellant's assertions regarding coercion and promises of probation, deferred adjudication, lower bail and leniency. Accordingly, the trial court's findings with respect to these allegations are supported by the record and will not be disturbed. These points of error are overruled.

■■ In his second point of error, appellant complains that the confession was inadmissible because he was not taken before a magistrate and warned of his rights at the time of his arrest. The record shows that appellant was not taken before a magistrate. A confession, however, is not inadmissible just because a defendant is not timely taken before a magistrate. *Maloy v. State*, 582 S.W.2d 125, 128 (Tex.Crim. App.1979). If the person taking the statement sufficiently warned the defendant, the confession is admissible even if the defendant was not warned by a magistrate. *Dunlap v. State*, 462 S.W.2d 591, 593 (Tex. Crim.App.1971). Since the record shows

2. This time would have placed appellant's call to the attorney roughly in the middle of Hons' interrogation, a fact consistent with appellant's testimony and inconsistent with Hons' recollection of events. Nonetheless, the trial court apparently chose to believe the investigator Hons.

that Hons warned appellant as required by Tex.Code Crim.Proc.Ann. art. 38.22, § 2(a) (Vernon 1979) before taking the confession, appellant's second point of error is without merit.

■ In his first point of error, appellant contends that the trial court erred in admitting the confession because the police interrogated him after he invoked his right to counsel. Appellant, in his motion to suppress, through evidence produced at the hearing, and in his appellate brief, has continued to assert that the police continued to interrogate him after he invoked his right to counsel. The State, in its evidence at the hearing and in its brief on appeal, continues to rely solely on Hons' assertion that appellant did not invoke his right to counsel and, in fact, waived his rights before confessing.

Hons' testimony rebuts appellant's assertions that appellant requested counsel *from him* before and during the interrogation. Accordingly, the trial court's ruling in this respect is supported by the record and will not be disturbed.

■ Nonetheless, appellant's testimony *to have requested counsel from Officer Madrigal and the "large jailer" were not contradicted by the State.* In addition, the State did not explain the absence of these witnesses who could have contradicted appellant's assertion. Whenever the accused's testimony reflects that he was unlawfully caused to make a written confession, *and his testimony is uncontradicted*, then the accused's written confession is inadmissible as a matter of law. *Moore v. State*, 700 S.W.2d 193, 202 (Tex.Crim.App. 1985) (emphasis ours); *Sherman v. State*, 532 S.W.2d 634, 636 (Tex.Crim.App.1976). The State's failure to refute a defendant's allegations lends support to the conclusion that the State cannot refute the allegations. *See Barton v. State*, 605 S.W.2d

605, 607–08 (Tex.Crim.App.1980); *Sherman*, 532 S.W.2d at 636; *Farr v. State*, 519 S.W.2d 876, 879 (Tex.Crim.App.1975).

Since the uncontradicted evidence shows that appellant requested counsel from two other officers before Hons interrogated him, we must determine what effect, if any, appellant's invocation of his right to counsel had on the legality of the confession. Specifically, we must address two related points: (1) whether appellant could validly waive his right to counsel before confessing to Hons, and (2) whether appellant's prior invocation of his right to counsel when appellant thought he had been arrested for assaulting Hons applied to Hons' interrogation after appellant learned that he had been arrested for assaulting the child.

■ Although Hons testified that appellant waived his rights, and although the confession contains a written waiver of rights, we find that these "waivers" are invalid. When a defendant informs police or a magistrate of his desire to invoke his right to counsel, any subsequent "waiver" of that right will be invalid when such a waiver is prompted by further police questioning. *See Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); *Holloway v. State*, 780 S.W.2d 787, 798 (Tex.Crim.App.1989) (comparing scope of counsel under Fifth and Sixth Amendment); *Nehman v. State*, 721 S.W.2d 319, 322 (Tex.Crim.App.1986). *Massengale v. State*, 710 S.W.2d 594, 598 (Tex.Crim.App.1986). In *Edwards*, the United States Supreme Court held that once a suspect has invoked his right to counsel, the police may not question him in the absence of counsel unless the suspect initiates the contact.[3] *Edwards*, 451 U.S. at 484–85, 101 S.Ct. at 1884–85. *See Tanner v. State*, 712 S.W.2d 523, 525 (Tex.Crim.App.1986); *Green v. State*, 667 S.W.2d 528, 532 (Tex.Crim.App.

---

3. The State never contended that appellant's statements to Madrigal or the "large jailer" were insufficient to invoke his right to counsel or were limited to some other specific purpose. *See Massengale v. State*, 710 S.W.2d 594, 598 n. 2 (Tex.Crim.App.1986). In *Jones v. State*, 742 S.W.2d 398, 405 (Tex.Crim.App.1987), the Court found that the defendant's statement, "I think I want a lawyer," was a clear and unequivocal assertion of her right to consult with counsel. A suspect's statement during interrogation, "I might better talk to a lawyer," invoked his Fifth Amendment right to counsel. *Goodnough v. State*, 627 S.W.2d 841 (Tex.App.—San Antonio 1982, pet. ref'd).

1984). The uncontradicted evidence shows that appellant did not initiate the conversation with Officer Hons. Accordingly, appellant's "waiver" of his right to counsel was invalid, unless appellant's prior assertion of his right to counsel, when he thought he had been arrested for assaulting Hons, did not restrict Hons' ability to interrogate him once appellant learned that he had really been arrested for assaulting the child.

After rereading and considering *Arizona v. Roberson*, 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988), we must find that appellant's prior invocation to have an attorney legally restricted Hons from initiating any further contact with appellant in the absence of counsel. In *Roberson*, the United States Supreme Court extended the *Edwards* doctrine to include the interrogation of the suspect for matters involving an investigation distinct from that for which the defendant was arrested.[4] In *Roberson*, the defendant was arrested for a burglary. He told the arresting officer that he "wanted a lawyer before answering any questions." Three days after his arrest and while still in custody, a different officer interrogated him about a different burglary. After warning the suspect of his rights, the officer obtained an incriminating statement about the burglary he was investigating. The officer did not know that the suspect had requested counsel when arrested for the other offense. The Supreme Court reiterated the virtues of the "bright-line" rule expressed in *Edwards. Roberson*, 108 S.Ct. at 2098. In ruling that the suspect's statement was improperly obtained, the Court stated:

> Finally, we attach no significance to the fact that the officer who conducted the second interrogation did not know that respondent had made a request for counsel. In addition to the fact that

*Edwards* focuses on the state of mind of the suspect and not of the police, custodial interrogation must be conducted pursuant to established procedures, and those procedures in turn must enable an officer who proposes to initiate an interrogation to determine whether the suspect has previously requested counsel. In this case respondent's request had been properly memorialized in a written report but the officer who conducted the interrogation simply failed to examine that report. Whether a contemplated reinterrogation concerns the same or a different offense, or whether the same or different law enforcement authorities are involved in the second investigation, the same need to determine whether the suspect has requested counsel exists. The police department's failure to honor that request cannot be justified by the lack of diligence of a particular officer.

*Id.*, 108 S.Ct. at 2102.

As in *Roberson*, Officer Hons had a duty, before interrogating appellant, to determine whether he had previously invoked his right to counsel (for any offense). The record does not show that Hons made this inquiry. In fact, Hons' testimony shows that he did not know the circumstances of appellant's custody prior to his interrogation.

Under these uncontroverted facts, we must find that the police did not honor appellant's request to speak with an attorney. Accordingly, the trial court erred in finding that the confession was admissible. Appellant's first point of error is sustained.

In his fifth point of error, appellant contends that the trial court's findings of fact are insufficiently specific. We will overrule this point but note that the trial court's findings do not resolve specific factual disputes. Instead, the findings are

---

4. The parties filed their appellate briefs in this case before the Supreme Court delivered its opinion in *Arizona v. Roberson.* We mention *Roberson* because of the evidence in the record that when appellant first invoked his right to counsel he misunderstood which person he had been accused of sexually assaulting. If it could be argued that, by invoking his right to counsel when appellant thought he had been arrested

for assaulting Hons, appellant had failed to invoke his right to counsel with respect to the assault on his neighbor's child, then the holding in *Roberson* is significant because *Roberson* forbids any police-initiated contact with a suspect in custody once he has invoked his right to counsel, even if the right to counsel was invoked for an unrelated offense.

more in the nature of "form findings" which make legal conclusions but leave unresolved specific factual issues raised by the evidence. While the trial court is not required to make its findings with "minute specificity," the trial court should, nonetheless, make its findings sufficiently detailed so that the reviewing court can determine upon what basis the confession is found to be admissible. *See Sinegal v. State,* 582 S.W.2d 135, 137 (Tex.Crim.App. 1979); *Hester v. State,* 535 S.W.2d 354, 356 (Tex.Crim.App.1976). Because we are able to resolve this aspect of the appeal without more specific findings, we overrule the point of error. Nonetheless, we recommend that in the future, the trial court make its findings less conclusory and more specific. Appellant's fifth point of error is overruled.

The judgment of the trial court is REVERSED and the cause is REMANDED to the trial court.