**1975 CHEVROLET, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–90–00933–CV.**

Court of Appeals of Texas, Dallas.

Nov. 29, 1990.

Rehearing Denied Jan. 28, 1991.

Molly Meredith Lenoir, Dallas, for appellant.

Dale Jensen, Asst. Dist. Atty., Dallas, for appellee.

Before ENOCH, C.J., and SMITH [1] and STEPHENS [2], JJ.

## OPINION

ENOCH, Chief Justice.

Gerald Lewis challenges a judgment ordering the forfeiture of his 1975 Chevrolet under the Texas Controlled Substances Act. In a single point of error, he contends that the trial court erred in admitting into evidence the controlled substances found in the car. We affirm.

Police arrested Gerald Lewis and his female companion based on a federal arrest warrant and impounded the Chevrolet which Lewis was driving. During an inventory search of the car, police discovered a locked briefcase and asked for, and received from Lewis, the keys to it. A search of the briefcase revealed controlled substances and drug paraphernalia. The State then instituted forfeiture proceedings against the car in accordance with the Texas Controlled Substances Act. Controlled Substances Act, ch. 429, §§ 5.03–.08, 1973 Tex.Gen.Laws 1132, 1158–1162, *repealed by* Act of Sept. 1, 1989, ch. 678, § 13(1), 1989 Tex.Gen.Laws 2230, 3165.

Lewis asserts that the police seized the controlled substances pursuant to an illegal inventory search. Particularly, Lewis contends that the Dallas Police Department did not have a written policy regarding inventories of locked containers and thus violated the standards set forth in *Florida v. Wells*, — U.S. —, 110 S.Ct. 1632, 1635, 109 L.Ed.2d 1 (1990).

■ The Supreme Court, in *Wells*, held that the police must perform inventory searches according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity. *Wells*, 110 S.Ct. at 1635. This limited discretion minimizes the danger that the police may use an inventory search as a pretext for broad searches of vehicles. The Florida Highway Patrol, under attack in *Wells*, did not have a policy regarding closed containers found during an inventory search. Therefore, the Court held that the search conducted was not sufficiently regulated to satisfy the requirements of the Fourth Amendment. *Wells* requires only some established routine or criteria. Although Lewis argues otherwise, *Wells* does not require that the police reduce the routine or criteria to writing.

■ Officer Powell of the Dallas Police Department testified that the department's policy is to open locked containers found during inventory searches only if the police have access to the keys to the container. The trial court found that the police followed the policies set by the Dallas Police Department when they searched the 1975 Chevrolet. On appeal, this Court will not disturb the findings of fact made by the trial court if they are supported by any evidence of probative force. *Tate v. Commodore County Mut. Ins. Co.*, 767 S.W.2d 219, 224 (Tex.App.—Dallas 1989, writ denied). The evidence supports the trial court's finding.

■ Because police department policy only allows inventories of locked containers to which the officers have access, the poli-

**1.** The Honorable Jackson Smith, Justice, Retired, Court of Appeals, First District of Texas at Houston, sitting by assignment.

**2.** The Honorable Bill J. Stephens, Justice, Retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

cy achieves its stated goal of protecting the police department against accusations of theft. This policy also provides a check on the discretion of a police officer conducting an inventory search. Therefore, it satisfies the requirements of *Wells* and the Fourth Amendment. The police conducted a valid inventory search, and the trial court properly admitted the controlled substances into evidence.

We affirm the trial court's judgment.