Meck v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-257-CV





CHRISTOPHER A. MECK,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT



NO. 14,058, HONORABLE CLAYTON E. EVANS, JUDGE PRESIDING



 




 The district court rendered judgment forfeiting a 1988 Chevrolet Camaro, Texas
Registration No. 885-UAC, VIN# 1G1FP21E1JL149991, to the 33rd Judicial District Attorney's
Law Enforcement Fund. The vehicle was subject to seizure and forfeiture because of its status
as contraband. Tex. Code Crim. Proc. Ann. art. 59.02(a) (West Supp. 1993). The vehicle
became contraband by its involvement in the commission of a felony under Chapter 481 of the
Texas Controlled Substances Act, possession of lysergic acid diethylamide (LSD). (1) Tex. Code
Crim. Proc. Ann. art. 59.01(2)(B)(i) (West Supp. 1993). The vehicle's owner, Christopher A.
Meck, appeals the district court's judgment of forfeiture, raising two points of error. We will
affirm the judgment.



BACKGROUND


 Early in the morning of September 28, 1991, Paul Kisel, Assistant Supervisor of
Inks Lake State Park, investigated reports of a disturbance within the park. When he arrived at
a campsite he found two tents, a pickup, and the Camaro at issue here, and he "heard some
abusive language, some cussing going on." Kisel observed a pack of cigarette papers situated on
a picnic table, a type of paper he knew was used to roll marihuana cigarettes. Kisel asked all six
campers in both tents for identification, but only two campers, including Meck, produced a valid
driver's license. After receiving the campers' consent to search the tents, Kisel found a marihuana
cigarette and a "roach clip," commonly used to hold such a cigarette, under a sleeping bag. Once
outside the tent, Kisel observed Meck toss a cellophane bag away from his person. Kisel located
the bag and found a substance inside that he believed to be marihuana. Meck explained that the
marihuana belonged to his girlfriend Melissa Ida Scott, who had asked him to dispose of it after
Kisel arrived. Kisel placed Meck and Scott under arrest for possession of marihuana, the
marihuana cigarette, and the roach clip. Kisel also saw Meck throw the keys to the Camaro into
the next campsite; the keys were retrieved by another camper. After Meck was handcuffed, he
violently broke free of police custody but eventually was recaptured and removed from the park. 
Scott also acted violently during her arrest and shattered the window of a patrol car.

 After arresting Meck, Scott, and another camper, Kisel asked the three remaining
campers to leave the park. However, only one camper, the owner of the pickup, had a valid
driver's license. Park policy does not allow unregistered vehicles to remain in a campsite or on
the park roads. The Camaro was unregistered with the park office. Kisel called a towing service
and proceeded to inventory the contents of the Camaro. In an open console between the two front
seats, Kisel found a plastic bag containing LSD.

 Kisel testified that he interviewed Meck the morning after his arrest. Over
appellant's objection, Kisel was permitted to testify that after being warned of his rights under
Miranda v. Arizona, 384 U.S. 436 (1966), Meck orally admitted that he owned the Camaro, that
he knew the substance found during the inventory search was LSD, and that he knew the LSD was
in his automobile. This interview was not videotaped or otherwise recorded.



DISCUSSION


 Meck's first point of error attacks the district court's admission into evidence of
Meck's oral statements made while in custody. Meck contends that article 38.22 of the Texas
Code of Criminal Procedure applies to the admissibility of evidence in a civil forfeiture action and
prohibits admission of any oral statement not electronically recorded.

 The statute in question provides:



No oral or sign language statement of an accused made as a result of a custodial
interrogation shall be admissible against the accused in a criminal proceeding
unless: (1) an electronic recording . . . is made of the statement.



Tex. Code Crim. Proc. Ann. art. 38.22, § 3(a) (West Supp. 1993) (emphasis added). Meck cites
no authority for the proposition that article 38.22 governs the admissibility and exclusion of
evidence in a forfeiture case. He argues that because the federal constitutional exclusionary rule
applies to forfeiture cases, under One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693 (1965)
and $2067 in U.S. Currency, 3 Handguns and 51 Capsules v. State, 745 S.W.2d 109 (Tex.
App.--Fort Worth 1988, no writ), and because the state and federal prohibitions against self-incrimination apply in civil cases, Ex Parte Butler, 522 S.W.2d 196 (Tex. 1975), the exclusionary
rule in article 38.22 should also govern the admissibility of evidence in forfeiture proceedings. 

 Although forfeiture cases arise out of violation of a penal statute, they are civil, not
criminal, proceedings. "All cases under this chapter shall proceed to trial in the same manner as
in other civil cases." Tex. Code Crim. Proc. Ann. art. 59.05(b) (West Supp. 1993); see Gonzales
v. State, 832 S.W.2d 706, 707 (Tex. App.--Corpus Christi 1992, no writ). In a case involving
hearsay statements by the alleged owner of a car subject to forfeiture, the Texas Supreme Court
held these statements to be admissible as admissions against interest under Texas Rule of Civil
Evidence 803(24). Arnold v. State, 778 S.W.2d 68, 69 (Tex. 1989). The Court did not address
article 38.22 in its analysis of the admissibility of the alleged owner's oral statements. We decline
to hold that admission of Kisel's testimony was error and overrule Meck's first point. (2)

 Meck's second point of error asserts that the search of his Camaro violated the
Fourth Amendment to the United States Constitution and article I, section 9 of the Texas
constitution and, therefore, evidence of the LSD discovered during the search was inadmissible. (3) 
The State contends that Kisel lawfully performed an inventory search of the Camaro.

 An inventory search pursuant to a lawful impoundment of an automobile does not
violate the United States or Texas constitutions. South Dakota v. Opperman, 428 U.S. 364, 375-76 (1976); Benavides v. State, 600 S.W.2d 809, 810 (Tex. Crim. App. 1980). The purpose of
an inventory is to protect the owner's property while it remains in police custody, to protect the
police against claims or disputes over lost or stolen property, and to protect the police from
potential dangers. Delgado v. State, 718 S.W.2d 718, 721 (Tex. Crim. App. 1986). 
Impoundment is lawful when a vehicle becomes unattended because the driver is removed from
the vehicle, placed under arrest, and his property cannot be protected by any means other than
impoundment. Fenton v. State, 785 S.W.2d 443, 445 (Tex. App.--Austin 1990, no pet.). 
However, impoundment is lawful only when no other reasonable alternative is available to ensure
the protection of the vehicle. Benavides, 600 S.W.2d at 811; Mayberry v. State, 830 S.W.2d 176,
179 (Tex. App.--Dallas 1992, pet. ref'd). Further, an inventory search conducted when an
automobile has lawfully been impounded must be conducted pursuant to standard police
procedures. Gill v. State, 625 S.W.2d 307, 319 (Tex. Crim. App. 1981), overruled on other
grounds, Osban v. State, 726 S.W.2d 107 (Tex. Crim. App. 1986). 

 The record reflects that a chaotic situation existed at the campsite after the initial
arrests of Meck and Scott. Both of them reacted violently, and Meck momentarily escaped
custody before his recapture. The repeated inquiries of campers at neighboring sites about what
had occurred added to the confusion Kisel faced. Meck did not ask the officers present if one of
his friends could drive the Camaro out of the park or contact someone else to do so. Kisel asked
Meck's three friends not in custody to leave the park immediately so that order could be restored. 
The owner of the pickup testified that he did not volunteer either to drive the Camaro out of the
park or to drive the car up to one of the park's parking lots and then contact one of Meck's family
members who could retrieve the car. Meck suggests that Kisel had an affirmative duty to
investigate every conceivable alternative to impoundment. We disagree. See Edwards v. State,
788 S.W.2d 218, 219 (Tex. App.--Fort Worth 1990, pet. ref'd); see also Wallis v. State, 636
S.W.2d 1, 2 (Tex. App.--Dallas 1982, no pet.). Kisel knew that the only person not in custody
with a valid driver's license had his own car to drive home. Although one of the three campers
asked about driving the Camaro, she did not have a valid driver's license; Kisel thus appropriately
refused to release the car to her. Stephen v. State, 677 S.W.2d 42, 43-44 (Tex. Crim. App.
1984).

 Meck also contends that the inventory search was not conducted in accordance with
standard procedures. Kisel testified that he was unaware of any written park procedures dealing
with inventory searches of a vehicle after the arrest of its owner. He also testified, however, that
he always made an inventory of a vehicle following its owner's arrest in accordance with
departmental policy and his own training. He further testified that he conducted the inventory of
the Camaro in the same manner as he routinely conducted similar searches. This testimony was
sufficient to show that an inventory search policy existed and that the policy was followed. 
Mayberry, 830 S.W.2d at 181. The Dallas Court of Appeals, in a forfeiture case involving a
vehicle containing controlled substances, held that under the standard set forth by the United
States Supreme Court in Florida v. Wells, 495 U.S. 1 (1990), an inventory policy need not be
reduced to writing, as it may merely consist of some established routine or criteria. 1975
Chevrolet v. State, 801 S.W.2d 565, 566 (Tex. App.--Dallas 1990, writ denied).

 We conclude that the search was reasonable and performed in accordance with
standard criteria. Accordingly, we hold that Kisel conducted a valid inventory search of the
Camaro under the Fourth Amendment to the United States Constitution and article I, section 9 of
the Texas Constitution. We overrule Meck's second point.

 The judgment of forfeiture is affirmed.



 

 Marilyn Aboussie, Justice

[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: August 11, 1993

[Do Not Publish]

 
1.   See Tex. Health & Safety Code Ann. § 481.115 (West 1992).
2.   Meck cites Mosse v. State, 322 S.W.2d 383 (Tex. App.--Dallas 1960, no writ) as authority
for the general application of criminal statutes to forfeiture proceedings. Id. at 386. Mosse is
distinguishable, however, as the statute in effect at that time required the State to prove violations
"as in other penal cases." Tex. Penal Code Ann. art. 7.25d, § 6 (since repealed). The forfeiture
statute now requires only that the State prove by a preponderance of the evidence that the property
is subject to forfeiture. Tex. Code Crim. Proc. Ann. art. 59.05(b) (West Supp. 1993).
3.   The State does not dispute that evidence obtained in violation of these constitutional
provisions may not be introduced in forfeiture proceedings. One 1958 Plymouth Sedan, 380
U.S. at 702.