## SEGAL v. SAUNDERS.
### No. 15029.

Court of Civil Appeals of Texas.
Fort Worth.
April 15, 1949.

Rehearing Denied May 13, 1949.

Ely Straus, of Dallas, for appellant.

A. Owen McKenzie, Stinson, Read & Boren, and John C. Read, all of Dallas, for appellee.

McDONALD, Chief Justice.

Mrs. Martha J. Saunders, a widow, owned as her separate property a parcel of real estate in Dallas, which she occupied as her home. In 1939 she executed and delivered to her son James H. Saunders a general warranty deed purporting to convey the property to him for a recited consideration of one dollar and other valuable consideration. The deed was duly recorded. Mrs. Saunders continued to live in the premises until her death in 1946.

James H. Saunders and his wife both died in 1944. Mrs. E. E. Jeffcoat, their daughter and the administratrix of their respective estates, conveyed the property to appellant Philip Segal on November 25, 1946, for a consideration of $6000.

This suit was brought by Lloyd S. Saunders, often referred to in the record as "Smoot" Saunders. Plaintiff, the appellee in this court, claims that the deed from Mrs. Saunders to her son James was in fact a mortgage. That the loan it secured was paid off prior to her death. That Mrs. Saunders died intestate. That plaintiff inherited a one-third interest in the property from his mother, and that he acquired before suit was brought another one-third interest by quitclaim deed from two other named heirs, the children of a deceased daughter of Mrs. Saunders. The suit is to recover from appellant Segal such two-thirds interest in the property, a necessary incident thereto being an adjudication that the deed from Mrs. Saunders to James was in fact a mortgage.

Appellee Lloyd Saunders recovered judgment on a jury verdict, and Segal appeals, relying on thirty-three points of error, which present for decision the questions herein discussed.

Four special issues were submitted to the jury. In response thereto the jury found: (1) The deed from Mrs. Saunders to James was intended by the parties as a mortgage. (2) The debt secured was paid. (3) The plaintiff Lloyd Saunders was claiming an interest in the property prior to the time Segal purchased it from the administratrix of the estates of James Saunders and his wife. (4) Philip Segal had actual knowledge at such time that Lloyd Saunders was claiming an interest in the property.

 It is well established that a deed which purports on its face to convey property without qualification or restriction may be held to be a mortgage or pledge of the property as security for the payment of a debt. 29 Tex.Jur. 799; Bradshaw v. McDonald, Tex.Sup., 216 S.W.2d 972. As against one who has not the standing of an innocent purchaser, the grantor may successfully assert that the deed was intended to operate as a mortgage. 29 Tex. Jur. 800. In order to justify a conclusion that the deed was intended as a mortgage, the evidence must be clear, satisfactory and unequivocal. 29 Tex.Jur. 808.

Segal contends that the evidence does not, tested by the rule last quoted, support the finding that the deed was intended as a mortgage, and further contends that the court erred in admitting certain evidence offered for the purpose of proving that the deed was intended as a mortgage. There is no direct, first-hand evidence showing that Mrs. Saunders and her son James agreed, at the time the deed was executed, that it should be a mortgage. The evidence consists largely of testimony of various witnesses about statements made to them by Mrs. Saunders, or by James, which indicated that Mrs. Saunders was in need of raising some money to pay taxes on the property and to pay the cost of some repairs on it, that James furnished the money, that both he and Mrs. Saunders thereafter made statements to the effect that the property belonged to Mrs. Saunders, that Mrs. Saunders thereafter made payment from time to time on her indebtedness to James, and indicated her desire to pay

all of said indebtedness so that her property would be clear of debt.

■ The attack made by appellant on such testimony is that the statements by Mrs. Saunders were hearsay and self-serving, and that the testimony as to statements made by James was of such weak probative force as that it could not properly serve as the basis for a finding that the deed was intended as a mortgage. If the testimony about Mrs. Saunders' statements was subject to the complaint that it was hearsay, then it could not support the verdict, even though admitted without objection. 17 Tex.Jur. 521. Appellant further complains of the testimony as to Mrs. Saunders' statements, because most of them were made after the deed to James was executed, and, appellant urges, it was error to admit such statements made by way of impeachment or in disparagement of the title purporting to have been passed by the deed.

■ In 17 Tex.Jur. 597 it is said that declarations of a person made while in possession of property, though in their nature self-serving and hearsay, are admissible to explain the nature and character of his possession, but that the fact that a person makes a claim of ownership or asserts that it belongs to him is no evidence of title. It seems to us that the statements made by Mrs. Saunders, if relied on to prove the claim that her deed was intended as a mortgage, were inadmissible. Mrs. Saunders' statements were not material in this case as relating to the nature of her possession after the deed was executed, because the nature of her possession is not important here, as it would be, say, in a case involving adverse possession. It is not the nature of her possession, but the question of her title, which is at issue in this suit. There were no statements offered which were made at the time the deed was executed and which therefore might have been admissible under the res gestae rule. They were simply self-serving declarations made in disparagement of the title purporting to have passed by her deed. We cannot see how they could be relied on to show her title. While there are many reported decisions which we believe are in support of our views, we cite especially McDow v. Rabb, 56 Tex. 154; Lester v. Hutson, Tex.Civ.App., 167 S.W. 321, writ dis.; and Radford v. Hill, Tex.Civ.App., 185 S.W.2d 129, writ ref. w. m. The decisions from the various jurisdictions are not altogether harmonious, as may be observed from a study of the annotation in L.R.A. 1916B, beginning at page 322, but we believe that the statements of Mrs. Saunders, especially those not made at or so near the time the deed was executed as to come within the res gestae rule, should not have been admitted, we do not feel justified in treating their admission as harmless error.

■ There was evidence to show that James had made statements, which were against his interest, to the effect that he did not want to take money which his mother was paying to him after the time the deed was executed, but that she wanted to pay it, that it was a loan and that she wanted her place clear. He was also quoted as having said at one time that his mother did not lack much having the loan paid, that the place was her homestead, and that it "strictly belonged" to her. In view of the evidence of such character of statements having been made by James, we would not be willing to render a judgment for appellant here on the theory that there was no evidence to show that the deed was intended as a mortgage.

Segal argues that the evidence does not support the finding that he had actual knowledge that the plaintiff was claiming an interest in the property at the time Segal purchased it. Since the evidence may not be the same on another trial, we forego a discussion of it save to say that it was very meager.

There is much argument in the briefs of both parties relating to the question whether or not Segal had constructive notice of plaintiff's claim, both by reason of the fact that plaintiff was in possession of the property when Segal purchased it, and by reason of the fact that at such time there was recorded in the deed records of said county the quitclaim deeds from two of Mrs. Saunders' grandchildren to plaintiff under which he claimed ownership of the

342

third interest in the property alleged to have descended to said grandchildren from Mrs. Saunders.

No questions were submitted to the jury on the matter of constructive notice. Therefore, any ground of recovery based on the theory of constructive notice was waived by plaintiff unless the evidence showed constructive notice as a matter of law. We do not feel justified in saying that it did. Under the rule admitted by appellee, possession by Mrs. Saunders would not have been constructive notice of her claim of equitable title, because a purchaser would have been entitled to believe, absent notice of other facts sufficient to put him on inquiry, that Mrs. Saunders was not holding possession under some claim inconsistent with the title purported to have passed by her deed. Eylar v. Eylar, 60 Tex. 315. We are not able to see that one of her heirs in possession would occupy a better position in this respect than would have the ancestor. If the plaintiff had been holding possession under some claim of title other than one of inheritance from Mrs. Saunders, his possession might have been enough to put a purchaser on notice of such other claim, but it seems reasonable to us to say that a purchaser would be justified in regarding the heir as he might under the law have regarded the ancestor, that is to say, as holding possession in some manner not inconsistent with the apparent title of Mrs. Saunders' grantee.

The record of the two quitclaim deeds from the grandchildren to plaintiff did not under the law charge Segal with constructive notice of plaintiff's claim under them, because they were outside Segal's chain of title. The principle involved is the same as that recognized in White v. McGregor, 92 Tex. 556, 50 S.W. 564, 566, 71 Am.St.Rep. 875, where it is said: "But when one takes a conveyance from another who holds under the first deed from his grantor, such purchaser is not bound to look further for a subsequent deed from that grantor, for the reason that such deed is out of the chain of title under which he buys." Segal was not bound to search for recorded deeds from Mrs. Saunders or her heirs later than the deed to James.

Segal argues that the plaintiff was present when he purchased the property and made no protest about it. Segal requested the submission of an issue which perhaps was intended to establish a defense of estoppel along this line, but we doubt if the single issue requested was sufficient to accomplish such purpose.

We shall not attempt to discuss all the contentions made by the parties in their respective briefs, which contain a total of 225 pages. What we have said requires a reversal of the judgment.

Reversed and remanded.