The STATE of Texas, Petitioner,

v.

Albert ARNOLD, Respondent.

No. C–8729.

Supreme Court of Texas.

Oct. 18, 1989.

James T. Russell, Murff F. Bledsoe, Belton, for petitioner.

Gerald M. Brown, Temple, for respondent.

PER CURIAM.

This case concerns the forfeiture of a 1988 Ford Bronco to the State of Texas under the Controlled Substances Act, Tex. Rev.Civ.Stat.Ann. art. 4476–15, § 5.03(a)(5) (Vernon Supp.1989). Under that Act, the State must prove knowledge or consent to an offense by the owner of a vehicle before forfeiture is permitted.

The Bronco was registered to Albert Arnold but was being driven by Jody Curry, Arnold's brother-in law, at the time it was stopped. At trial, the state sought to prove Curry was the true owner rather than Arnold.

Hearsay testimony was admitted at trial, without objection, that Curry had stated that the vehicle was really his and only registered in Arnold's name to avoid forfeiture to the State. The trial court relied on this testimony, together with other circumstantial evidence, in finding that Curry was the true owner of the Bronco. Consequently, the vehicle was ordered to be forfeited to the State.

In an unpublished opinion, the court of appeals reversed the trial court on the ground that the evidence was legally insufficient to rebut the presumption of title in Arnold, the registered owner. In the opinion, Curry's statements that he owned the vehicle were characterized as a self-serving claim that constituted no evidence on the question of actual ownership.

The evidence reveals no dispute between Curry and Arnold over ownership at the time Curry stated he owned the vehicle. His statements then are not merely self-serving declarations made with the intent to support a position in a property ownership dispute. The cases to that effect relied on by the court of appeals are thus inapposite. See *Segal v. Saunders*, 220 S.W.2d 339, 341 (Tex.Civ.App.—Fort Worth 1949, writ ref'd n.r.e.); *Chenoworth v. Flannery*, 202 S.W.2d 480, 483 (Tex.Civ. App.—Amarillo 1947, no writ).

■ Curry's statements should instead be analyzed as statements against interest under Texas Rule of Civil Evidence 803(24). That rule deems trustworthy a hearsay statement that is so contrary to the declarant's interest that he would not make the statement unless true. A statement may be self-serving in one respect but contrary to another interest. The court must balance these competing interests to determine their predominant nature and ultimately the level of trustworthiness to be accorded. *Robinson v. Harkins & Co.*, 711 S.W.2d 619, 621 (Tex.1986).

If Curry was the true owner, his assertions to that effect were contrary to his pecuniary and proprietary interest. They tended to expose him to the possibility of losing a new, expensive vehicle. The same statements subjected him to civil liability under the forfeiture provisions of the Controlled Substances Act, Tex.Rev.Stat.Ann. art. 4476–15 (Vernon Supp.1989). Curry

would not make statements so contrary to his interest unless they were true.

There is little self-serving content in the statements to outweigh the negative exposure of his pecuniary interests. Nothing in the record suggests Curry might need to employ such statements in a self-serving manner in anticipation of an ownership dispute between Curry and Arnold. Balancing these internally competing interests, Curry's statements are more accurately categorized as statements against interest when viewed under the relevant circumstances. For the same reason that statements against interest are admissible under the hearsay exception of Texas Rule of Civil Evidence 803(24), whereas predominantly self-serving statements are not, we find Curry's statements sufficiently trustworthy to be probative on the issue of ownership.

The court of appeals, in reviewing a no evidence challenge in a non-jury setting, must disregard all evidence contrary to the trial court's finding. "[I]f there is any remaining evidence which would support the verdict or judgment, the trial court's judgment must be upheld." *McGalliard v. Kuhlmann,* 722 S.W.2d 694, 696–97 (Tex. 1986). Curry's statements against interest, being trustworthy, constitute more than a scintilla of evidence to support the conclusion that Curry and not Arnold owned the vehicle. ·

Because the court of appeals failed to analyze Curry's statements in their proper context, we grant the application for writ of error and, without hearing oral argument, a majority of the court reverses the judgment of the court of appeals as in conflict with our decision in *McGalliard.* See Tex.R.App.P. 133(b). We remand to the court of appeals for consideration of the factual insufficiency points of error left unaddressed in its original opinion.