A 1985 CADILLAC LIMOUSINE, OWNED BY Michael Dean NEUBAUER, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–91–00684–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 13, 1992.

Rehearing Denied Sept. 17, 1992.

---

Robert C. Bennett, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alan Curry, Asst. Dist. Atty., Houston, for appellee.

Before SAM BASS, JONES and PRICE [1], JJ.

## OPINION

PRICE, Justice (Assigned).

This case presents the question of whether the trial court erred in entering a judgment of forfeiture to the State. We hold it did not and affirm.

The State brought this action to obtain forfeiture of a 1985 Cadillac limousine owned by Michael Neubauer, appellant. Evidence adduced at trial showed that on January 13, 1990, Officer Robert Merchant of the Harris County Sheriff's Department was notified of a shooting. Officer Merchant proceeded to a residence in Channelview, where he met Debbie Goodney, the complainant, who appeared to have a head wound. Officer Merchant testified Goodney appeared to be intoxicated on a substance other than alcohol. Goodney's mother told Officer Merchant she called the police because Goodney and her companion, Gary Pepper, were dumped from a limousine in front of her house. Goodney described the limousine.

The driver of the ambulance dispatched to the scene notified Officer Merchant that he passed a limousine matching the description given by Goodney. Officer Merchant transported Goodney and her companion to Reggie's Bar on Market Street, where the limousine was located. When they arrived, police officers were holding Neubauer and two other individuals against the limousine. The officers were searching these individuals after stopping a fight in the parking lot. Goodney and Pepper identified the individuals as Neubauer, Donald Richey, and Paula

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

Chaney. Richey subsequently escaped, but Neubauer and Chaney were arrested for assault. Officer Merchant testified Chaney was intoxicated on something other than alcohol.

The police determined the limousine was registered to Neubauer. The officers inventoried the limousine because they were going to have the vehicle towed. They found four plastic syringes, a prescription bottle containing a number of tablets, a baggie containing a white powdery substance, a piece of foil containing a brown powdery substance, a metal measuring spoon containing a white powdery substance, a box of baking soda, a prescription bottle, and a number of knives. Field tests showed the brown substance was heroin and the white substance was cocaine.

Neubauer was taken to the police station. Officer H.W. Burch testified he took custody of the narcotics recovered from the limousine and interviewed Pepper, Chaney, and Goodney. At trial, the sworn statements from these individuals were offered as plaintiff's exhibit numbers 1A, 2A, and 3A. The statements alleged Neubauer had one of the individuals drive him and Goodney to an apartment complex in Neubauer's limousine so Neubauer could "score some cocaine." The individual then drove the limousine to a bridge, where Neubauer mixed the cocaine with water, drew the liquid into a syringe, and shot the cocaine into his arm. The driver had a small amount of cocaine, and another individual had some heroin, which he offered to the others in the limousine. The statements indicated at least two of the individuals in the limousine shot up some of Neubauer's cocaine after he had done so.

The sworn statements also revealed Neubauer placed cocaine on a metal spoon, mixed it with some baking soda and water, and cooked the cocaine with a lighter.

Neubauer gave Goodney some of this cocaine to load into a straight shooter pipe, and Goodney and others in the vehicle smoked the cocaine.

When Officer Burch asked Neubauer about the narcotics found in the limousine, Neubauer did not mention narcotics, but said the individuals had a party at a bridge. Neubauer admitted the limousine belonged to him, stating he paid $25,000 cash for the car from money he received as settlement in a lawsuit.

Laboratory analyses confirmed the nature of the items recovered from the limousine during the inventory: the four syringes contained cocaine residue; each tablet recovered from the prescription bottle contained 10 milligrams of diazepam; the substance in the baggie was 4.57 grams of 83 percent pure cocaine; and the substance in the foil packet was .208 grams of 2.7 percent pure heroin.

Appellant brings four points of error. He asserts the trial court erred in entering a judgment of forfeiture to the State because there is no evidence or insufficient evidence his Cadillac was used to facilitate any drug trafficking offense; that forfeiture in this case is an unconstitutional violation of the double jeopardy clause; and that the trial court improperly admitted and relied upon ex parte, self-serving hearsay statements.

■ In his first two points of error, appellant claims the trial court erred in entering a judgment of forfeiture to the State because there is no evidence or insufficient evidence that his Cadillac was used *"to facilitate"* any drug trafficking offense. In using the language *"to facilitate,"* appellant asks this Court to apply the language in a repealed version of the forfeiture statute [2] to determine the sufficiency

---

2. Act of June 3, 1985, 69th Leg., R.S., ch. 227, § 11, 1985 Tex.Gen.Laws 1123, 1124, *repealed by* Act of June 14, 1989, 71st Leg., R.S., ch. 678, §§ 1, 13(1) 1989 Tex.Gen.Laws 2230, 3165 *and codified in* Act of August 2, 1989, 71st Leg., 1st C.S., ch. 12, § 1, 1989 Tex.Gen. Laws 14, (current version at TEX.CODE CRIM. P.ANN. art. 59.01(2) (Vernon Supp.1992)). Article 4476–15, section 5.03(a)(5) stated:

(a) The following are subject to forfeiture as authorized by this subchapter:

(5) any ... vehicle ... that is *used or intended for use to transport or in any manner facilitate* the transportation, sale, receipt, possession, concealment, or delivery of any [controlled substances].

of the evidence to support the judgment of the trial court. We decline to do so.

The current version of the forfeiture statute provides that a vehicle is subject to forfeiture if it is "used or intended to be used *in the commission of* ... any felony under Chapter 481, Health and Safety Code (Texas Controlled Substances Act)." TEX. CODE CRIM.P.ANN. art. 59.01(2)(B)(i) (Vernon Supp.1992) (emphasis added). In forfeiture proceedings, the State must show probable cause for seizing a person's property. *State v. $11,014*, 820 S.W.2d 783, 784 (Tex. 1991); TEX.CONST. art. I, § 9. Probable cause in a forfeiture proceeding "is a reasonable belief that a 'substantial connection exists between the property to be forfeited and the criminal activity defined by the statute.' " *$56,700 in U.S. Currency*, 730 S.W.2d 659, 661 (Tex.1987) (quoting *United States v. $364,960*, 661 F.2d 319, 323 (5th Cir.1981)). The burden was on the State to prove by a preponderance of the evidence that the limousine was subject to forfeiture. *See Money v. State*, 774 S.W.2d 788, 792 (Tex.App.—Houston [14th Dist.] 1989, no writ); *Valles v. State*, 646 S.W.2d 636, 638 (Tex.App.—Houston [1st Dist.] 1983, no writ).

In determining the sufficiency of the evidence under a "no evidence" point of error, this Court must consider only the evidence and inferences tending to support the trial court's judgment and disregard all evidence and inferences to the contrary. *State v. $11,014*, 820 S.W.2d at 784; *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). In reviewing an insufficient evidence point, this Court must consider and weigh all the evidence, including any evidence contrary to the trial court's judgment. *Burnett v. Motyka*, 610 S.W.2d 735, 736 (Tex.1980). If findings of fact or conclusions of law are neither filed nor requested, the trial court is presumed to have made all the necessary findings to support the judgment. *Lemons*

*v. EMW Mfg. Co.*, 747 S.W.2d 372, 373 (Tex.1988). When the implied findings of fact are supported by the evidence, the appellate court must uphold the judgment on any theory of law applicable to the case. *Allen v. Allen*, 717 S.W.2d 311, 313 (Tex. 1986).

In this instance, the trial court heard evidence that the limousine was used to transport appellant and others to a location where appellant purchased cocaine. Appellant admitted that after the purchase the limousine was parked near a bridge, and the passengers partied in the vehicle. That the passengers prepared and consumed cocaine and heroin in the limousine is shown by the drugs and paraphernalia recovered from the vehicle, and the fact investigating officers found some of the passengers intoxicated on something other than alcohol.

We find the evidence adduced at trial showed it was more probable than not that the limousine was instrumental in the possession and abuse of cocaine by a number of individuals, including appellant. We overrule points of error one and two.

In his third point of error, appellant asserts that if chapter 59 of the Code of Criminal Procedure is interpreted as a "zero tolerance" statute, forfeiture in his case is an unconstitutional violation of the double jeopardy clause. Appellant relies on *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), claiming forfeiture of his vehicle will result in imposition of both civil and criminal penalties for the same offense. *See Ex parte Rogers*, 804 S.W.2d 945, 948 (Tex.App.— Dallas 1990, no pet.). However, appellant abandoned this point of error during oral argument; therefore, we do not address it.

■ In point of error four, appellant contends the trial court improperly admitted and relied upon ex parte, self-serving hear-

(Emphasis added.) The repealed Texas statute was almost identical to the federal forfeiture statute, which provides:
    (a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:
      (4) All conveyances, including aircraft, vehicles, or vessels, which are *used, or are intended for use, to transport, or in any manner to facilitate* the transportation, sale, receipt, possession, or concealment of property described in 21 U.S.C. §§ 881(a)(1), 881(a)(2), 881(a)(2), 881(a)(9) (1981 & Supp.1991).... 21 U.S.C. § 881(a)(4) (Supp.1991) (emphasis added).

say statements to support its ruling and grant of forfeiture. Appellant maintains the State improperly used ex parte affidavits, obtained by police officers from appellant's co-arrestees during custodial interrogation, to establish that controlled substances were consumed in Neubauer's vehicle. The State offered the affidavits, over objection, under the hearsay exception for statements against interest. Tex.R.Civ. Evid. 803(24).

Reversible error does not usually occur in connection with rulings on questions of evidence unless the appellant can demonstrate the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause rendition of an improper judgment in the case. Tex.R.App.P. 81(b)(1). A statement admissible under Texas Rules of Civil Evidence 803(24) may be self-serving in one respect, but contrary to another interest. In that situation, the trial court is required to balance the competing interests in order to determine their predominant nature and the level of trustworthiness to be accorded. *State v. Arnold,* 778 S.W.2d 68, 69 (Tex.1989) (citing *Robinson v. Harkins & Co.,* 711 S.W.2d 619, 621 (Tex.1986)). Hearsay has been ruled admissible on the issue of probable cause in support of forfeiture. *See, e.g., United States v. One 1986 Chevrolet Van,* 927 F.2d 39, 42 (1st Cir.1991); *United States v. One 1987 Mercedes 560 SEL,* 919 F.2d 327, 331 (5th Cir.1990).

All three sworn statements were largely identical in their recitation of what occurred, and each contained statements directly against the penal interest of the individuals making them. Two of the statements reflected the affiants had been informed of the dangers of committing perjury. The other statement was made following the requirements of Texas Code of Criminal Procedure article 38.22, section 2.

Paula Chaney attested she was present in the limousine when the cocaine was prepared for ingestion and that she smoked cocaine in the vehicle. Debbie Goodney's statement reflected she was in the limousine when the cocaine was prepared, and that she loaded the "straight shooter, and placed a lighter on the end of it and smoked a little of it." Gary Pepper received his Miranda warnings, then disclosed he was in the limousine when he "took a hit" of cocaine off a metal tube called a "straight shooter." While a considerable portion of each statement pertained to acts of individuals other than the affiant's, we find the disserving nature of the proffered evidence outweighs any self-serving aspect. *See Robinson,* 711 S.W.2d at 621. We hold the trial court did not err in admitting into evidence plaintiff's exhibits numbers 1A, 2A, and 3A.

Although appellant claims the affidavits were the only evidence that controlled substances were used inside his limousine, the drugs and paraphernalia recovered during the inventory of his limousine were also in evidence. In addition, Officer Merchant testified Goodney's mother told him her daughter was dumped from a limousine matching the description of appellant's vehicle, and in his opinion, Goodney was intoxicated on something other than alcohol. Further, the appellant himself told Officer Burch the limousine was used for a party at a bridge. The trial court could have relied on this evidence to conclude controlled substances were used in the vehicle.

We overrule point of error four and affirm the judgment of the trial court.