NUMBER 13-99-155-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


THE STATE OF TEXAS
, Appellant,


v.



TWENTY SEVEN THOUSAND FOUR 

HUNDRED FORTY-SIX DOLLARS AND 

NO/100 ($27,446.00) U.S. CURRENCY
, Appellee.

___________________________________________________________________


On appeal from the 28th District Court


of Nueces County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and Yañez


Opinion by Chief Justice Seerden



 This is an appeal from the trial court's order denying the State's attempt to
cause the forfeiture of $27,446.00 seized during a traffic stop. By three issues, the
State contends that the trial court erred: (1) in finding the evidence insufficient to
support forfeiture; (2) in awarding attorney's fees pursuant to Rule 759 of the Texas
Rules of Civil Procedure; and (3) in awarding one-half of the amount seized as
attorney's fees. We affirm.

 Ernesto Villarreal ("claimant") was driving a vehicle on Saratoga Street in Corpus
Christi when he was stopped by Officer Harry Villarreal of the Corpus Christi Police
Department because it did not have a rear license plate. During the course of the stop,
Officer Villarreal discovered an outstanding warrant for claimant's arrest and took him
into custody. After conducting a pat-down search of claimant, Officer Villarreal
approached the vehicle and encountered claimant's wife, Guadalupe, who was still in
the vehicle. Officer Villarreal obtained Guadalupe's consent to search the interior of
the vehicle. This search revealed a woman's purse which Officer Villarreal considered
suspicious because it was "very round and very thick." Officer Villarreal proceeded
to open the purse and discovered what he termed a "substantial amount of U.S.
currency." 

 Villarreal then questioned both claimant and Guadalupe about the source of the
money. Both initially reported that the money was the proceeds from the sale of
claimant's mother's house. However, after claimant was unable to provide any
specific details about the transaction, Officer Villarreal re-questioned Guadalupe. 
According to Officer Villarreal, Guadalupe told him that she could not lie to him
anymore and said that the money had been dropped at their home by an unknown
person for transport to an unidentified location in the Rio Grande Valley. Officer
Villarreal then seized the money for further investigation and eventual forfeiture. The
money was placed in a secured locker. Two days later, a drug dog examined the
currency and alerted to the presence of narcotics on the bills. Neither claimant nor
Guadalupe was arrested for any offense related to the seizure of the money. The
record further reflects that neither Guadalupe nor claimant appeared to recover the
seized money. After a hearing on the merits, the trial court entered an order for the
return of the seized currency. 

 By its first issue, the State argues that the trial court erred in finding the
evidence insufficient to support forfeiture. If an appellant "attacks the legal sufficiency
of the evidence to support an adverse finding on an issue on which it ha[s] the burden
of proof, the appellant must demonstrate the evidence conclusively established all vital
facts in support of the issue." $18,800 in U.S. Currency v. State, 961 S.W.2d 257,
261 (Tex. App.--Houston [1st Dist.] 1997, no writ) (citing Sterner v. Marathon Oil Co.,
767 S.W.2d 686, 690 (Tex. 1989)). In reviewing challenges to the legal sufficiency
of the evidence in those circumstances, we must first examine the record for evidence
that supports the finding and ignore all evidence to the contrary. Sterner, 767 S.W.2d
at 690. If no evidence supports the findings, only then do we look to see if the
contrary proposition is established as a matter of law. Id. By contrast, when an
appellant challenges the factual sufficiency of the evidence to support an adverse
finding, we must consider and weigh all the evidence, both in support of and contrary
to the challenged finding. 1985 Cadillac Limousine v. State, 835 S.W.2d 822, 825
(Tex. App.--Houston [1st Dist.]1992, writ denied). We must uphold the finding unless
it is so against the great weight and preponderance of the evidence as to be manifestly
unjust. $24,180 v. State, 865 S.W.2d 181, 185 (Tex. App.--Corpus Christi 1993,
writ denied). 

 Forfeiture proceedings regarding seized personal property are civil in their nature. 
See Tex. Code Crim. Proc. Ann. art. 59.05(b) (Vernon 1999). In a forfeiture
proceeding, the State must prove, by a preponderance of the evidence, that the
property seized is contraband, and therefore, that the property is subject to forfeiture. 
See Tex. Code Crim. Proc. Ann. arts. 59.02(a) & 59.05(b) (Vernon 1999). The State
must show probable cause, or "a reasonable belief that a 'substantial connection exists
between the property to be forfeited and the criminal activity defined by the statute.'" 
State v. $11,014.00, 820 S.W.2d 783, 784 (Tex. 1991). Where, as here, there is
no direct evidence linking the seized property to illegal activity, the State must present
sufficient circumstantial evidence to connect the property to criminal activity. Forty-Seven Thousand Two Hundred Dollars U.S. Currency v. State, 883 S.W.2d 302, 308
(Tex. App.--El Paso 1994, writ denied). 

 At the outset, we note that the trial court denied forfeiture. Our review of the
record discloses that the nexus between the money and criminal activity comes only
from the Officer's surmise. The record shows that Officer Villarreal thought, upon
encountering both, that claimant and Guadalupe were nervous. Villarreal also testified
to his knowledge that drug trafficking is a relatively common occurrence between
Corpus Christi and the Rio Grande Valley. He noted the inconsistent stories related by
claimant and his wife. However, there is no evidence that the money was found in
proximity to either narcotics or narcotics-related paraphernalia, although a canine did
alert on the money when it was examined later. Villarreal also related the fact that no
one ever attempted to recover the money. 

 While the State cites several cases involving one or more of the circumstances
found by the officer in this case, each of those cases is distinguishable because the
trier of facts in each case found the evidence sufficient to justify forfeiture. The
opposite is true in this case.

 The trier of facts is the exclusive judge of the credibility of the witnesses and
the weight to be given to the testimony. See e.g., Ortiz v. Ford Motor Credit Co., 859
S.W.2d 73, 76 (Tex. App.--Corpus Christi 1993, writ denied). We can reverse the trial
court's judgment only if we find the court abused its discretion.

 Only the ipsi dixit of Officer Villarreal, that is, his conclusory statement,
connects the money to drugs, a statement which does not lead to the inevitable
conclusion that such a connection exists. The trial judge, not this Court, had the
opportunity to observe the witness, his manner and demeanor, and to judge the
credibility of his testimony. We hold the trial court did not abuse its discretion in
finding the evidence factually insufficient to establish that proposition. The State's
first issue is overruled.

 By its second and third issues, the State complains generally of the award of
attorney's fees and, more specifically, of the amount of that award. However,
because we agree with the trial court's conclusion that forfeiture was not supportable
here, we find that the State had no interest in the further disposition of the money. 
Thus, the State lacks standing to complain here about any subsequent actions taken
by the court with regard to this money. See Buckholts Indep. Sch. Dist. v. Glaser,
632 S.W.2d 146, 150 (Tex. 1982); Evans v. First Nat'l Bank of Bellville, 946 S.W.2d
367, 372 (Tex. App.--Houston [14th Dist.] 1997, writ denied). The State's second and
third issues are overruled.

 The order of the trial court is AFFIRMED.

 

 _________________________________

 ROBERT J. SEERDEN, Chief Justice


Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 25th day of May, 2000.