NUMBER 13-05-00259-CV



COURT OF APPEALS


 

THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


$822.41 IN U.S. CURRENCY AND

A 2003 DODGE RAM 1500 TRUCK, Appellant,

 

v.
 


THE STATE OF TEXAS, Appellee.

 


On appeal from the 130th District Court


of Matagorda County, Texas.

 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Chief Justice Valdez



 Kevin Martin appeals the trial court's seizure order of his vehicle, a 2003 Dodge
Ram 1500 truck, and $822.41. Tex. Code Crim. Proc. Ann. art. 59.02 (Vernon 2006). 
After a warrantless search of Martin's vehicle revealed cocaine in the console, the money
and truck were seized. The trial court found Martin used the vehicle and money in a
manner required to be considered contraband. See id. By three issues Martin challenges
the (1) legality of the search, (2) evidence connecting the money to the drugs, and (3)
chain of custody concerning cocaine found in his vehicle as evidence. We reverse and
render judgement in Martin's favor.

I. BACKGROUND

 On February 25, 2004, Officer Armando Galvan responded to a disturbance call. 
Officer Galvan arrived to discover Martin backing out of a parking spot. Officer Galvan
placed his police car behind Martin's truck to prevent Martin from leaving. Officer Galvan
testified that he observed movement by Martin's right hand near the center console before
Martin got out of the truck. As Martin stepped out of the truck, Officer Galvan noticed that
Martin was unsteady and seemed intoxicated. Because of Martin's unsteady nature,
Officer Galvan detained Martin in a police car for Martin's own protection. 

 While Officer Galvan was detaining Martin, Officer Oliver Green arrived. Officer
Galvan informed Officer Green of the observed hand movement by Martin around the
center console. Officer Green searched the center console, without Martin's consent or
a warrant, and discovered a bag containing crack cocaine inside the center console. 
Officer Galvan arrested Martin for possession of cocaine. Subsequently, Martin's truck and
$822.41, found in Martin's wallet, were seized as contraband in conjunction with the
cocaine. 

 A grand jury did not indict Martin on criminal charges and the record does not show
any charges currently pending. Regardless, the State proceeded by filing a nonjury
forfeiture action against the $822.41 and the 2003 Dodge Ram 1500. Officer Galvan's
testimony acknowledged that Martin did not consent, nor did Officer Green possess a
warrant to search Martin's truck. Martin's attorney argued that the State did not have
probable cause to conduct the search and seizure of Martin's truck and money. However,
the trial court concluded there was a reasonable belief that a substantial connection
existed between the property forfeited and criminal activity based upon the testimony of
the officers involved. Martin's attorney continues to object to the introduction of cocaine
into evidence on the grounds of chain of custody. The State even acknowledged in the
forfeiture proceeding that it lacked evidence to connect the $822.41 with the cocaine
discovered by Officer Green. After the State presented all of its evidence, the trial court rendered a judgment in
favor of the State, which allowed the State to retain ownership of both the $822.41 and the
2003 Dodge Ram 1500. 

II. DISCUSSION

A. Standard of Review

 Where the underlying historical facts are undisputed, we decide whether the trial
court properly applied the governing constitutional principles to the facts. See $ 217,590
in U.S. Currency, 18 S.W.3d 631, 634 (Tex. 2000); accord Guzman v. State, 955 S.W.2d
85, 89 (Tex. Crim. App. 1997) (explaining that appellate courts review mixed questions of
law and fact de novo when no evaluations of credibility and demeanor are involved). 
Because the parties agree on the relevant facts of this case, we decide the issues of
reasonable suspicion and probable cause de novo. See Manns v. State, 122 S.W.3d 171,
178 (Tex. Crim. App. 2003) (following the standard of review articulated in Guzman); $
217,590 in U.S. Currency, 18 S.W.3d at 634 n.3 (citing Guzman and noting that its
standard of review principles are similarly applied in civil proceedings).

B. Applicable Law

 Chapter 59 of the Texas Code of Criminal Procedure specifies the circumstances
in which property subject to forfeiture may be seized. See Tex. Crim. Proc. Code Ann. art.
59.03 (Vernon 2006). Seizure of property is proper if made under authority of a search
warrant. Id. art. 59.03(a). Without a warrant, seizure is proper if:

 (1) the owner, operator, or agent in charge of the property knowingly
consents;

 (2) the seizure is incident to a search to which the owner, operator, or
agent in charge of the property knowingly consents;

 (3) the property subject to seizure has been the subject of a prior
judgment in favor of the state in a forfeiture proceeding under this
chapter; or

 (4) the seizure was incident to a lawful arrest, lawful search, or lawful
search incident to arrest.


Id. art. 59.03(b).

 In a forfeiture proceeding, the State must prove by a preponderance of the evidence
that the property seized is contraband and, therefore, the property is subject to forfeiture. 
State v. $11,014, 820 S.W.2d 783, 784 (Tex.1991); 1985 Cadillac Limousine v. State, 835
S.W.2d 822, 825 (Tex.App.-Houston [1st Dist.] 1992, writ denied). In forfeiture
proceedings, the State must show probable cause for seizing a person's property; probable
cause is a reasonable belief that a substantial connection exists between the property to
be forfeited and the criminal activity defined by the statute. State v. $11,014, 820 S.W.2d
at 784; $56,700 in U.S. Currency v. State, 730 S.W.2d 659, 661 (Tex.1987); 1985 Cadillac,
835 S.W.2d at 825.

C. Analysis

 By his first issue, Martin contests the legality of the search. Officer Galvan
acknowledged the search of Martin's truck was warrantless, and without consent. Without
consent from Martin, or a warrant, the State is required to prove the search was lawful. 
See State v. Thirty Thousand Six Hundred Sixty Dollars, 136 S.W.3d 392, 397 (Tex.
App.-Corpus Christi 2004, pet. denied) (concluding that the civil forfeiture statute does not
authorize illegal police conduct). 

 The test for determining the legality of a stop that warrants further investigation is
whether the officer can point to specific articulable facts, which in light of the officer's
personal knowledge and experience, together with other inferences from those facts, would
warrant such an intrusion. Vannatta v. State, 773 S.W.2d 771, 773 (Tex. App.-Corpus
Christi 1989, writ dism'd)(citing Schwartz v. State, 635 S.W.2d 545, 547 (Tex. Crim. App.
1982)). The rules applicable in Terry-type searches also apply to searches of a suspect's
vehicle. Michigan v. Long, 463 U.S. 1032, 1049 (1983) (citing Terry v. Ohio, 392 U.S. 1,
21 (1968)). 

 On appeal, the State argues Martin's warrantless arrest was lawful based upon the
alleged assumption that the officers believed the search was necessary to protect
themselves against Martin gaining immediate access to a weapon. See Michigan v. Long,
463 U.S. 1032, 1050-1051 (1983). In Long, the police observed a vehicle swerve into a
ditch after having witnessed it traveling erratically and at excessive speeds. Id. at 1035. 
The police stopped to investigate, and upon approaching the vehicle they saw a large
hunting knife in plain sight on the floorboard of the car. Id. at 1036. The officers detained
Long, subjected him to a Terry protective patdown, and looked into the Long's vehicle for
more weapons. Id. They observed something "protruding" from the armrest on the front
seat, searched the armrest, and discovered marihuana. Id. The United States Supreme
Court held that it was constitutionally permissible for "police to conduct an area search of
the passenger compartment to uncover weapons, as long as they possess an articulable
and objectively reasonable belief that the suspect is potentially dangerous." Id. at 1051. 

 Martin's situation, however, is distinguishable from Long. In Long, a weapon was
initially noticed on the vehicle's floorboard. Id. at 1036. Officer Green's only observation
before he searched Martin's truck was hand movement around the center console. One
of the elements articulated by Long is that an officer must have an objectively reasonable
belief that the suspect is potentially dangerous. Long, 463 U.S. at 1051. Officer Galvan
failed to articulate facts that would lead to any such reasonable belief that Martin was
potentially dangerous. Officer Galvan did not perform a Terry-type search when he first
encountered Martin and stated he detained Martin in a police car for Martin's protection - 
not his own. While the judge interprets the facts, the law-as applied in this case-requires
more than a fear that Martin might fall on the ground to justify a vehicle search. See id. 
The mere suspicion that Martin used an intoxicant cannot stand alone as an articulable
reason for a search of Martin's truck. See Thirty Thousand Six Hundred Sixty Dollars, 136
S.W.3d at 402.

 The question becomes would a reasonably cautious person believe the action taken
by Officer Green was necessary. See O'Hara v. State, 27 S.W.3d 548, 551 (Tex. Crim.
App. 2000). Mere movement by an occupant in a vehicle being stopped by a law
enforcement officer, not coupled with reliable information nor suspicious circumstances,
does not give rise to probable cause to search the vehicle. Wilson v. State, 511 S.W.2d
531, 535 (Tex. Crim. App. 1974); Jenkins v. State, 76 S.W.3d 709, 718 (Tex. App.-Corpus
Christi 2002, pet. ref'd). The State did not produce any evidence to demonstrate
exigencies that justified an investigative detention. See Thirty Thousand Six Hundred Sixty
Dollars, 136 S.W.3d at 401. Once the reason for the stop is satisfied, the stop cannot
permit a "fishing expedition" for unrelated criminal activity. Id. 

 The original reason Officer Galvan stopped the truck from backing out of the parking
lot was a disturbance call, and Officer Galvan proceeded to detain Martin after he noticed
characteristics that suggested Martin was intoxicated. However, Officer Green immediately
searched the truck when he arrived, which was beyond the reason for the stop. Officer
Green's personal knowledge and experience did not reasonably justify the search of
Martin's truck, as required by law. See O'Hara, 27 S.W.3d at 551. 

III. CONCLUSION

 The State did not conduct a lawful search of Martin's truck as required by Chapter
59 of the Texas Code of Criminal Procedure for a proper seizure. See Tex. Code Crim.
Proc. Ann. art. 59.03 (Vernon Supp. 2007). Additionally, the State did not satisfy any of
the exceptions to the warrant requirement for a legal seizure. Martin's first issue is
sustained. Because Martin's second and third issues would not further affect the outcome
of this appeal, we do not need to address them. Tex. R. App. P. 47.1. We reverse the trial
court's judgment and render judgement returning the $822.41 and truck to Martin. 

 _______________________

 ROGELIO VALDEZ,

 Chief Justice


Dissenting Memorandum Opinion 

by Justice Rose Vela. 


Memorandum Opinion delivered and filed 

this the 9th day of August, 2007.