Opinion issued June 17, 2010

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00366-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



APPROXIMATELY $6,801.00, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 333rd District Court

Harris County, Texas

Trial Court Cause No. 2008-20491

 

 



MEMORANDUM OPINION

          Appellant,
Michael Philpot, challenges the trial court’s judgment, entered after a bench
trial, in favor of appellee, the State of Texas, in the State’s forfeiture
action against Philpot for approximately $6,801.00.[1]  In his sole issue, Philpot, who represents
himself on appeal, contends that the trial court erred in finding that the
State established sufficient facts to support forfeiture.[2]

We affirm.

Background 

The State,
in its Notice of Seizure and Intended Forfeiture, alleged that it had seized
contraband property, approximately $6,801.00 in cash from Philpot, Philpot had
obtained the money “through illegal activity,” including narcotics trafficking,
and the property was subject to forfeiture. 
Philpot answered, generally denying the allegations.  He asserted that he had obtained the money
through full-time employment, filed and paid taxes, maintained a bank account,
and had no felony narcotics convictions. The State then served Philpot with
requests for admissions[3]
by certified mail, return receipt requested, at his address in the Columbia
County Jail in Lake City, Florida.  

The State requested
that Philpot admit that the money was “not obtained by him through any
legitimate means”; was “derived from the sale, purchase, or distribution of
controlled substances . . . [and] dangerous drugs”; and, that prior to the date
of the seizure, Philpot “conducted drug transactions, including . . . the
purchase, sale and/or distribution of controlled substances . . . [and]
dangerous drugs.”  Philpot did not
respond to the State’s requests for admissions.

Philpot did
not appear for the trial of the case. 
The trial court found that “all matters separately set forth in [the
State’s] Request for Admissions were deemed admitted and conclusively
established as to [Philpot],” and it entered judgment that the $6,801.00 “is
forfeited.”  Philpot filed a “Motion of
Appeal,” in which he asserted that the State “has no legal justification as to
why [his] currency should not be returned” and he had “proved currency not to
be contraband.”

Standard of Review

In
conducting a legal sufficiency review of the evidence, we must consider all of
the evidence in the light most favorable to the verdict and indulge every
reasonable inference that would support it.  City of
Keller v. Wilson, 168 S.W.3d 802, 822 (Tex. 2005).  In determining whether legally sufficient
evidence supports the finding under review, we must consider evidence favorable
to the finding if a reasonable fact finder could consider it, and disregard
evidence contrary to the finding unless a reasonable fact-finder could not
disregard it.  Id. at 827; Brown v. Brown,
236 S.W.3d 343, 348 (Tex. App.—Houston [1st Dist.] 2007, no pet.).  When a party attacks the legal sufficiency of
an adverse finding on an issue on which he did not have the burden of proof at
trial, he must show that there is no evidence to support the adverse finding.  Croucher
v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983); Vongontard v. Tippit, 137 S.W.3d 109, 112 (Tex. App.—Houston [1st
Dist] 2004, no pet.).

In
conducting a factual sufficiency review, we must consider, weigh, and examine
all of the evidence that supports or contradicts the trier-of-fact’s
determination.  Plas-Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex.
1989); USAA County Mut. Ins. Co. v. Cook,
241 S.W.3d 93, 99 (Tex. App.—Houston [1st Dist.] 2007, no pet.).  We may set aside the judgment only if the
evidence that supports the finding is so contrary to the overwhelming weight of
the evidence as to be clearly wrong or unjust.  Cain v.
Bain, 709 S.W.2d 175, 176 (Tex. 1986); Cook,
241 S.W.3d at 99.  When a party attacks
the factual sufficiency of an adverse finding on an issue on which he did not
have the burden of proof at trial, he must show that there is insufficient
evidence to support the adverse finding. 
Vongontard, 137 S.W.3d at 112.

Forfeiture

In his sole issue, Philpot argues
that the trial court erred in granting the forfeiture because “just cause was
show[n] why [the $6,801.00] should be returned” to him.  

Property that is contraband is
subject to seizure and forfeiture.  Tex. Code
Crim. Proc. Ann. art. 59.02 (Vernon 2008).  “Contraband” means “property of any nature,
including real, personal, tangible, or intangible, that is . . . used or
intended to be used in the commission of any felony under Chapter 481, Health
and Safety Code (Texas Controlled Substances Act) [or] any felony under Chapter
483, Health and Safety Code.”  Tex. Code Crim. Proc. Ann. art.
59.01(2)(B)(i), (ii) (Vernon Supp. 2009); Tex.
Health & Safety Code Ann. §§ 481.112–.114 (Vernon Supp. 2009), §
483.042 (Vernon 2003).

In a forfeiture proceeding, the State
must prove by a preponderance of the evidence that the property seized is
contraband and is, thus, subject to forfeiture.  State v.
$11,014.00, 820 S.W.2d 783, 784 (Tex. 1991); A 1985 Cadillac Limousine v. State, 835 S.W.2d 822, 825 (Tex. App.—Houston
[1st Dist.] 1992, writ denied).  To seize
a person’s property, the State must show probable cause, that is, reasonable
belief that a substantial connection exists between the property to be
forfeited and the criminal activity defined by the statute.  $11,014.00,
820 S.W.2d at 784; $56,700 in U.S.
Currency v. State, 730 S.W.2d 659, 661 (Tex. 1987); 1985 Cadillac, 835 S.W.2d at 825.

At trial, the State produced the
requests for admissions that it had served on Philpot but to which he had not
responded.  Once an action is filed, a
party can serve written requests for admissions. Tex. R. Civ. P. 198.1.  When the opposing party does not serve
responses to requests for admissions within thirty days, the matters in the
requests are deemed admitted against that party.  Tex. R.
Civ. P. 198.2, 198.3; Wal-Mart
Stores, Inc., v. Deggs, 968 S.W.2d 354, 355 (Tex. 1998); Boulet v. State, 189 S.W.3d 833, 836 (Tex.
App.—Houston [1st Dist.] 2006, no pet.).  Any matter admitted is conclusively
established unless the court, on motion, permits withdrawal or amendment of the
admission. Tex. R. Civ. P. 198.3;
Marshall v. Vise, 767 S.W.2d 699, 700
(Tex. 1989).  The trial court determined
that Philpot had not timely answered the requests, and it deemed the requests
“admitted and conclusively established” as to Philpot.  See
Tex. R. Civ. P. 198.2,
198.3.  The deemed facts conclusively
established that Philpot had obtained the $6,801.00 not by any “legitimate
means” but as a result of the “purchase, sale, or distribution” of controlled
substances or dangerous drugs.  

Viewing the evidence in the light
most favorable to the verdict, Philpot’s deemed admissions that he obtained the
$6,801.00 as a result of the “purchase, sale, or distribution” of controlled
substances or dangerous drugs were admissions of the state jail felony offenses
of delivery of controlled substances and dangerous drugs defined in the Health
and Safety Code.  Tex. Health & Safety Code Ann. §§ 481.112–.114,
483.042.  The term “felony” includes
state jail felonies.  See Tex.
Penal Code Ann. § 12.04 (Vernon 2003) (state jail felonies included in
list of felonies).  The trial court could
have found that Philpot’s deemed admissions were sufficient to support a
reasonable belief that a substantial connection existed between the funds and
the commission of a felony offense defined in the Health and Safety Code.  See $11,014.00, 820 S.W.2d at 784; $56,700 in U.S. Currency, 730 S.W.2d at
661; 1985 Cadillac, 835 S.W.2d at
825. Accordingly, we hold that the evidence is legally sufficient to support
the trial court’s finding that the $6,801.00 was contraband subject to
forfeiture. 

Viewing the evidence in a neutral
light, Philpot asserts that he “complied with all request[s] made by the
[State] . . . to provide adequate information showing just cause why his
$6,801.00 should be returned to him” and he “has proved currency not to be
contraband.”  Philpot did not move to
withdraw or amend his admissions, and he did not assert that he was not
properly served with the requests for admission.  See
Tex. R. Civ. P. 198.1, 198.2.  Thus, the trial court did not err in finding
that the admissions were conclusively established as to Philpot.  See
Tex. R. Civ. P. 198.3; Deggs, 968 S.W.2d at 356.  The remainder of the record contains only
Philpot’s pleadings, which are not evidence. 
Hidalgo v. Surety Sav. & Loan
Ass’n, 462 S.W.2d 540, 545 (Tex. 1971); Ceramic
Tile Int’l, Inc. v. Balusek, 137 S.W.3d 722, 724–25 (Tex. App.—San Antonio 2004,
no pet.); In re Marriage of M.C., 65
S.W.3d 188, 193 (Tex. App.—Amarillo 2001, no pet.).  The only evidence, as noted above, was that
the $6,801.00 was obtained as the result of the felony “purchase, sale, or
distribution” of controlled substances or dangerous drugs.  We conclude that the trial court’s finding
that the $6,801.00 was contraband subject to forfeiture was not so contrary
to the overwhelming weight of the evidence as to be clearly wrong or unjust.  See Cain,
709 S.W.2d at 176.  Accordingly, we hold
that the evidence is factually sufficient to support the trial court’s
judgment.

We overrule Philpot’s sole issue.

Conclusion

          We
affirm the judgment of the trial court.

 

 

 

                                                                             Terry
Jennings

                                                                             Justice

 

Panel consists of Justices Jennings, Alcala,
and Massengale.











[1]           See
Tex. Code Crim. Proc. Ann. art.
59.01 (Vernon 2006).

 





[2]           We construe Philpot’s argument as a challenge
to the legal and factual sufficiency of the evidence in support of the trial
court’s judgment.  See Tex. R. App. P.
33.1(d) (providing that in nonjury case, party may, for first time on appeal,
challenge legal and factual sufficiency of evidence). 

 





[3]           See
Tex. R. Civ. P. 198.1.