**Opinion filed November 16, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00171-CV

_____

## THE STATE OF TEXAS, Appellant

## V.

## ONE MOTOR VEHICLE 2008 NISSAN PICKUP VIN #1N6AA07C88N305551, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 48465-A**

## M E M O R A N D U M   O P I N I O N

This is a forfeiture case under Chapter 59 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. ch. 59 (West 2006 & Supp. 2016). The trial court entered a judgment in which it denied the State's petition for the seizure and forfeiture of a 2008 Nissan pickup owned by Randy Lee Courtright and his spouse, Leslie Courtright. *See id.* We affirm.

On appeal, the State contends that the trial court erroneously denied its petition to seize and forfeit the pickup because the evidence was factually and legally sufficient to establish that the State was entitled to seizure and forfeiture. Specifically, the State asserts that the pickup was used "in the commission" of the felony offenses of online solicitation of a minor and attempted aggravated sexual assault. TEX. PENAL CODE ANN. § 33.021(b), (c) (West 2016), § 22.021 (West Supp. 2016).

Under Chapter 59 of the Texas Code of Criminal Procedure, the State may seize and forfeit property that qualifies as "contraband." CRIM. PROC. art. 59.02(a). "Contraband" is "property of any nature" that is used in the commission of the crimes referenced in Article 59.01(2). *Id.* art. 59.01(2); *0.089 Acres of Land Blk: 015, Lot: 012, Addn: Superior Sec 3 Physically Located at 3607 Tampico Dr., Midland, Tex., Midland Cty., Tex. v. State*, No. 11-13-00306-CV, 2015 WL 9584019, at *2 (Tex. App.—Eastland Dec. 31, 2015, pet. denied). Article 59.05(b) provides that the trial court is to conduct forfeiture cases the same as it does other civil cases: "[P]arties must comply with the rules of pleading as required in civil suits." CRIM. PROC. art. 59.05(b); *see State v. One (1) 2004 Lincoln Navigator, VIN #5LMFU27RX4LJ28242*, 494 S.W.3d 690, 693 (Tex. 2016).

The State has the burden to prove by a preponderance of the evidence that it is entitled to forfeiture. *0.089 Acres of Land*, 2015 WL 9584019, at *2. Additionally, the State must show that probable cause existed to seize the property. *One (1) 2004 Lincoln Navigator*, 494 S.W.3d at 698–99. In a civil forfeiture context, probable cause is defined as "a reasonable belief that 'a substantial connection exists between the property to be forfeited and the criminal activity defined by the statute.'" *State v. Ninety Thousand Two Hundred Thirty-Five Dollars & No Cents in U.S. Currency ($90,235)*, 390 S.W.3d 289, 293 (Tex. 2013) (quoting *Fifty-Six Thousand*

2

*Seven Hundred Dollars in U.S. Currency*, 730 S.W.2d 659, 661 (Tex. 1987)). The State may demonstrate the "substantial nexus" requirement through the use of circumstantial evidence. *See One (1) 2002 Cadillac Deville, VIN 1G6KD54Y42U228530 v. State*, No. 04-12-00212-CV, 2012 WL 6618198, at \*2 (Tex. App.—San Antonio Dec. 19, 2012, no pet.). However, such evidence must raise more than mere suspicion. *Id.* In other words, the State must prove that it is more probable than not that the seized item was either intended for use in, or derived from, a violation of the enumerated offenses in the forfeiture statute. *Vafaiyan v. State*, No. 2-09-098-CV, 2010 WL 3432819, at \*7 (Tex. App.—Fort Worth Aug. 31, 2010, pet. denied) (mem. op.).

If a party attacks the legal sufficiency of an adverse finding on an issue on which it had the burden of proof, that party must show that the evidence established, as a matter of law, all vital facts in support of that issue. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). When we review a "matter of law" challenge, we must first examine the record for evidence that supports the finding and ignore all evidence to the contrary. *Id.* If we find that there is no evidence to support the finding, then we will examine the entire record to determine whether the contrary proposition is established as a matter of law. *Id.*

When a party attacks the factual sufficiency of an adverse finding on an issue on which it had the burden of proof, that party must demonstrate that the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). As an intermediate reviewing court, we must consider and weigh all the evidence, and we will set aside a verdict only if the evidence is so weak, or the finding is so against the great weight and preponderance of the evidence, that it is clearly wrong and unjust. *Id.*

During the forfeiture proceeding, the State presented the testimony of John Graham, an investigator assigned to the Internet Crimes Against Children Task Force of the Taylor County Sheriff's Office. Graham testified that his department creates online profiles to impersonate thirteen-year-old girls in an attempt to find "potential child sex predators." On July 22, 2013, a man who was later identified as Randy Lee Courtright began communicating with Graham, who was then posing as a thirteen-year-old girl. Graham described the communications with Randy as "sexual in nature," and he recalled that Randy made explicit comments, such as "[m]aking me hard again," in his texts.

Randy proposed to meet on July 25, 2013. He told Graham that he would be driving a dark green Nissan pickup. Randy also mentioned to Graham that he would bring a form of birth control, and officers found a condom in an overhead visor of the pickup. Randy confessed that, while he did not plan on having sex with the minor, he was going to fondle her.

The State asserts that Randy's pickup is contraband because it was used in the commission of two offenses: online solicitation of a minor and attempted aggravated sexual assault. The State further asserts that the trial court incorrectly denied the forfeiture on grounds of factual impossibility. The State cites to *Chen v. State* for the proposition that the nonexistence of a victim does not preclude a defendant from being charged with an attempted sex crime. 42 S.W.3d 926, 929 (Tex. Crim. App. 2001).

We agree that factual impossibility is not a defense to an attempted sexual crime. *Id.*; *Clark v. State*, No. 03-11-00085-CR, 2014 WL 708910, at *2 (Tex. App.—Austin Feb. 19, 2014, pet. ref'd). The fact that Randy conversed with Graham, and not a thirteen-year-old girl, vitiated neither his intent to communicate with a minor in a sexually explicit manner nor his solicitation to meet in person to

4

perform sexual acts. *Radford v. State*, No. 11-15-00108-CR, 2016 WL 859478, at *2 (Tex. App.—Eastland Mar. 3, 2016, pet. ref'd) (mem. op., not designated for publication) ("[I]t is the *conduct* of requesting a minor to engage in illegal sexual acts that is the gravamen of the offense." (quoting *Ex parte Lo*, 424 S.W.3d 10, 16–17 (Tex. Crim. App. 2013))); *see also* PENAL § 33.021. However, Randy formed the requisite intent to complete the offense of online solicitation of a minor. Therefore, the trial court could conclude that Randy did not use his pickup before or during the commission of an online offense.

We again acknowledge that two offenses formed the basis of the State's petition. Although we agree that the online solicitation of a minor could not be the basis for the forfeiture of the pickup, the State also requested forfeiture of the pickup based on an allegation of attempted aggravated sexual assault.

Section 22.021 specifies particular ways to commit the offense of aggravated sexual assault. Randy did not use his vehicle to commit or facilitate any of the listed sexual acts. Moreover, Randy stated that he intended only to "fondle" the minor and that he did not intend to have sex with her. This is distinguishable from *Chen*, where the defendant gave a voluntary statement admitting that he was "going to show a girl how to have sex." *Chen*, 42 S.W.3d at 928. Based on this testimony, the Court of Criminal Appeals upheld the defendant's conviction for attempted sexual performance by a child in violation of Section 43.25(b) of the Texas Penal Code. *Id.* at 927. Unlike Section 22.021, Section 43.25(b) of the Texas Penal Code more generally prohibits "sexual conduct or a sexual performance" by a child. Based on the voluntary statement, the court in *Chen* concluded that the defendant intended to commit sexual performance by a child, regardless of whether the child existed. *Id.* at 930. Without reaching the issue of factual impossibility, we can defer to the trial court's implicit factual findings that Randy lacked the requisite intent to perform any

of the particular actions prohibited under Section 22.021. The State failed to meet its burden with respect to every element of the underlying allegation. Therefore, it cannot base its forfeiture on attempted aggravated sexual assault.

Randy also did not use the pickup after his attempted offense; police officers immediately arrested him. The State relies on two cases, *One 2003 Dodge* and *1985 Cadillac Limousine*, to assert that vehicles used to facilitate a crime by transporting the defendant to the crime scene are subject to forfeiture. *See State v. One 2003 Dodge*, No. 05-05-01495-CV, 2006 WL 1900889, at *1 (Tex. App.—Dallas July 12, 2006, no pet.) (mem. op.); *A 1985 Cadillac Limousine, Owned by Neubauer v. State*, 835 S.W.2d 822, 824 (Tex. App.—Houston [1st Dist.] 1992, writ denied).

The cases relied on by the State are distinguishable because the facts of those cases indicate that the vehicles subject to forfeiture were not used simply for transportation. In *One 2003 Dodge*, the court held that the defendant used the Dodge "in the commission" of aggravated robbery when the defendant used the vehicle to drive to a restaurant *and* placed the vehicle and its keys in a position that facilitated a quick getaway. *One 2003 Dodge*, 2006 WL 1900889, at *1–2. Similarly, in *1985 Cadillac Limousine*, the defendant used the limousine "in the commission" of a drug trafficking offense when the defendant used the vehicle to transport him to a location where he purchased cocaine *and* afterward, inside the vehicle, distributed the cocaine to several individuals for use. *1985 Cadillac Limousine*, 835 S.W.2d at 825.

Unlike those cases, Randy only used the pickup to transport himself to the parking lot across from Gill Park, the agreed-upon meeting location. The record does not clearly reflect that Randy intended to use the vehicle to perform sexual acts with a child, and we decline to reach that assumption simply because Randy mentioned his "truck, apartment, or many outdoor places" as optional places to have sex. Instead, we defer to the trial court's implicit findings of fact and hold (1) that

6

the State failed to establish as a matter of law that the pickup was used in the commission of the alleged offenses and (2) that the trial court's verdict is not against the great weight and preponderance of the evidence.  *See Sterner*, 767 S.W.2d at 690; *Dow Chem. Co.*, 46 S.W.3d at 242.  We overrule the State's single issue on appeal.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


November 16, 2017

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.